JOSIAH GARLAND, PLAINTIFF IN ERROR, v. ROBERT H. WYNN, EXECUTOR AND DEVISEE OF WILLIAM WYNN, DECEASED.

Where several parties set up conflicting claims to property, with which a special tribunal may deal, as between one party and the Government, regardless of the rights of others, the latter may come into the ordinary courts of justice, and litigate the conflicting claims.

Therefore, in a case where the register and receiver of public lands have been imposed upon by *ex parte* affidavits, and the patent has been obtained by one having no interest secured to him in virtue of the pre-emption laws, to the destruction of another's right who had a preference of entry which he preferred and exerted in due form, but which right was defeated by false swearing and fraudulent contrivance brought about by him to whom the patent was awarded—in such a case, the jurisdiction of the courts of justice is not ousted by the regulations of the Commissioner of the General Land Office.

THIS case was brought up from the Supreme Court of Arkansas, by writ of error issued under the 25th section of the judiciary act.

It was submitted on printed arguments, by *Mr. Bradley* and *Mr. Watkins* for the plaintiff in error, and by *Mr. Pike* for the defendant in error.

The controversy referred to the northeast quarter of section 18, in township 16 south, range 25 west of the fifth principal meridian, south of Red river, in the county of Lafayette.

The facts of the case are stated in the opinion of the court.

The bill was filed by Wynn, who alleged that he would have got a patent but for Garland's proving a pre-emption right in the land, under the act of 1830, to exist in Hemphill. After various proceedings, the Circuit Court (State court) decreed against Wynn. The Supreme Court of the State reversed this decree, and ordered Garland to convey the land in question to Wynn, upon payment of two hundred dollars, with interest; or in case of neglect, that the decree should stand as a conveyance, &c.

From this decree, Garland appealed to this court.

The principal points of law involved in the argument were: 1st, whether or not Wynn could interpose between the United

States and the patentee; and, 2d, whether the decision of the officers of the land office was not conclusive upon all persons except the United States, and upon them also until the patent was vacated by regular judicial authority.

Mr. Justice CATRON delivered the opinion of the court.

In November, 1842, William Wynn (the complainant below) proved that he had a preference of entry to the quarter section of land in dispute, according to the act of 1838, and his entry was allowed.

In February, 1843, Samuel Hemphill made proof that he had a right of pre-emption to the same land, under the act of May 26th, 1830. The two claims coming in conflict, it was decided by the register and receiver at the local land office, that Hemphill had the earlier and better right to enter the land; and in this decision the Commissioner of the General Land Office concurred.

Wynn's entry being the oldest, it was set aside, his purchase-money refunded, and a patent certificate was awarded to Samuel Hemphill, who assigned it to Garland, the plaintiff in error, to whom the patent issued. The benefit of the patent was decreed to Wynn by the Supreme Court of Arkansas; to reverse which decree, Garland prosecutes his writ of error out of this court.

It appears, from the allegations and evidence, that Garland procured the proofs, and was in fact the principal in obtaining a preference of entry in the name of Hemphill, and in causing Wynn's elder entry to be vacated; that the whole proceeding, on the part of Garland and Hemphill, was a mere imposition on the officers administering the public lands; that Hemphill never had any improvement on the northeast quarter of section 18, but that his improvement was on the northwest quarter of section 17, which adjoins the quarter section in controversy; and that Garland induced the witnesses, who made the proof before the register and receiver to establish Hemphill's preference of entry, to confound the quarter sections and their dividing lines, and misrepresented the extent of the cleared land occupied by Hemphill in 1829 and 1830; so that the witnesses ignorantly swore that the improvement and cultivation were in part on the northeast quarter of section 18, which was wholly untrue; and by which false swearing Wynn's entry was set aside, and Garland obtained a patent of the land.

Garland insists, by an amended answer in the nature of a distinct plea, that, by the law of the land, the Circuit Court had no authority or jurisdiction to set aside or correct the decision of the register and receiver; and that their adjudication

and judgment in granting and allowing the pre-emption rights to and in the name of Samuel Hemphill was final and conclusive, and cannot be inquired into, or in any manner questioned, modified, or set aside.

This matter was put in issue; and the court below, when it decreed for the complainant, necessarily decided against the bar to relief set up and claimed under an authority of the United States.

The question is, have the courts of justice power to examine a contested claim to a right of entry under the pre-emption laws, and to overrule the decision of the register and receiver, confirmed by the Commissioner, in a case where they have been imposed upon by *ex parte* affidavits, and the patent has been obtained by one having no interest secured to him in virtue of the pre-emption laws, to the destruction of another's right, who had a preference of entry, which he preferred and exerted in due form, but which right was defeated by false swearing and fraudulent contrivance brought about by him to whom the patent was awarded?

The general rule is, that where several parties set up conflicting claims to property, with which a special tribunal may deal, as between one party and the Government, regardless of the rights of others, the latter may come into the ordinary courts of justice, and litigate the conflicting claims. Such was the case of Comegys *v.* Vasse, (1 Peters, 212,) and the case before us belongs to the same class of *ex parte* proceedings; nor do the regulations of the Commissioner of the General Land Office, whereby a party *may* be heard to prove his better claim to enter, oust the jurisdiction of the courts of justice. We announce this to be the settled doctrine of this court.

It was, in effect, so held in the case of Lytle *v.* The State of Arkansas, (9 How., 328;) next, in the case of Cunningham *v.* Ashley, (14 How.;) and again in the case of Bernard *v.* Ashley, (18 How., 44.)

It is ordered that the decree of the Supreme Court of Arkansas be in all things affirmed.