## JANE PHILLIPS V. JOHN GEORGE.

1. FRAUDS; TRUSTS; *Title to Lands Acquired Through Fraud, Held in Trust for Equitable Owner.* Where G. sets up a claim to certain lands under article 17 of the treaty of July 19th 1866, between the United States and the Cherokee Indians, which he alleges have been awarded and patented to P. under article 19 of said treaty upon false testimony, and through bribery and corruption of the officials of the United States, the former may come into the courts of the state and litigate the claim, and, upon the proper showing, a patent obtained thus fraudulently by P. will inure to G., if G. be entitled to recover the lands patented.

2. PLEADING; *Petition to Declare a Trust; Necessary Averments.* Where G. files his petition, alleging he was an occupant of certain lands ceded in trust to the United States by the treaty with the Cherokee Indians of 19th July 1866, and sets forth the facts showing he was entitled to buy the same at its appraised value, under article 17 of the treaty, and would have obtained a patent therefor, except for the false testimony of P., and the corruption and bribery of the commissioners of appraisal appointed under the provisions of the treaty, as well as the arbitrary action of the Secretary of the Interior, whereby the lands were awarded and patented to P. under article 19 of the treaty, *held,* the petition is fatally defective if it fails to show that G. paid or offered to pay the United States for the lands, and fails to state what proceedings were taken by G. to contest the right of P. to the lands in controversy prior to the issuance of the patent.

*Error from Cherokee District Court.*

IN April 1871, *George* commenced his action against *Phillips,* to ascertain and declare a trust, and to compel *Phillips,* as trustee, to convey certain lands to the plaintiff. The pleadings are sufficiently stated in the opinion, *infra.*

Trial at the June Term 1872 of the district court. Findings and decree in favor of the plaintiff, as follows:

"The defendant electing to stand by her demurrer, this cause again came on for hearing on the petition of the plaintiff, on consideration of which the court finds, as matters of fact, all the material allegations of the said petition to be true; and as a conclusion of law, that the defendant holds in trust for the plaintiff the land described in the plaintiff's petition, namely, the W.$\frac{1}{2}$ of N.E.$\frac{1}{4}$ and S.E.$\frac{1}{4}$ of N.E.$\frac{1}{4}$ of section 34, in township 33 south, of range 25 east, in the county of Cherokee, state of Kansas, and that the plaintiff is entitled to have the said tracts and parcels of land conveyed to him by the defendant upon plaintiff's paying to the defendant the sum of $2.50 per acre, the appraised value of said lands as alleged in said petition.

"It is therefore considered, ordered, adjudged and decreed, that upon the said plaintiff John George, within six calendar months from the rising of this court, paying to the defendant Jane Phillips the sum of three hundred dollars, that said defendant convey the said tracts and parcels of land by good and sufficient deed, duly acknowledged, to said plaintiff; and that in case of default of said conveyance being made, that this judgment and decree stand and operate as said conveyance as fully as such deed might or could. And it is further ordered and adjudged, that in case the defendant refuses upon proper and legal tender of said three hundred dollars by the plaintiff to the said defendant and a demand for such deed of conveyance, that then the said plaintiff may pay said sum of money into the office of the clerk of this court, to be by such clerk kept subject to the demand or order of the defendant; and that upon such payment by the plaintiff, this judgment and decree to stand and operate, at law and in equity, as a conveyance of said tracts and parcels of land as fully as if made by the defendant. It is further ordered that the plaintiff pay the costs of this suit."

This decree was made and entered on the 19th of June 1872. The petition in error for a review of such decree was filed in this court by defendant *Phillips*, as plaintiff in error, on the 9th of June 1875. It is now submitted on brief of plaintiff in error. (See note, *post*, p. 424.)

*L. T. Stephenson,* and *Kelso & Barnes,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: In March 1868, John George proved that he had the preference of purchase to the lands in dispute, under article 17 of the treaty of 19th July 1866, between the United States and the Cherokee Indians, at its appraised value, and a certificate was executed to him, by the commissioners of appraisal appointed by the Secretary of the Interior, of their reception from him "of his declaration of intention to purchase the lands, and that he had filed the required proof in support of the same." Thereafter, said commissioners made a second and other allowance and award of said lands to Jane Phillips, under article 19 of the treaty, and a patent was issued to her for the lands by the United States. George alleges in his petition, that Phillips was not entitled to said lands under article 19, or under any other provision of the treaty; that she obtained the award through partiality, corruption and bribery of the commissioners, and upon false testimony; that the award was arbitrarily approved by the secretary, and that Phillips held the lands in trust for George. The petition asks that Phillips be ordered to convey the land in question to George, or in case of refusal, that the decree should stand as a conveyance, etc. The petition does not state that George had ever paid for the land, or offered to pay for the same; and it also fails to set forth the proceedings had by him to appeal from the award and allowance of the lands to Phillips, excepting as it states that "he (George) took steps at Washington City to contest before the proper authorities the right of said Phillips to said lands, and to establish his own, when the Secretary of the Interior instructed the land commissioner to adopt the report of the said commissioners as conclusive, and not to regard or listen to adverse claimants." A demurrer was filed to the petition, as to the jurisdiction of the court of the subject-matter of the action, and that sufficient facts were not stated to constitute a cause of action. The demurrer was overruled, and judgment en-

tered for George, as prayed for. We are called upon by Phillips to review the action of the court below.

In *Garland v. Wynn*, 20 How. 6, the general rule is well stated to be, "that where several parties set up conflicting claims to property, with which a special tribunal may deal, as between one party and the government, regardless of the rights of others, the latter may come into the ordinary courts of justice, and litigate the conflicting claims." It seems also well settled that persons who obtain patents by a suppression of a part of the facts in a case, or through fraud, corruption and bribery of the officials of the United States, will not be permitted, when their claims are questioned in courts of equity, to derive any benefit thereby, and such patents will inure to the parties entitled to recover the lands. *Comegys v. Vasse*, 1 Peters, 212; *Lytle v. The State of Arkansas*, 9 How. 328; *Cunningham v. Ashley*, 14 How. 377; *Barnard v. Ashley*, 18 How. 44; *Garland v. Wynn*, 20 How. 6; *Lytle v. The State of Arkansas*, 22 How. 202. If George had filed a sufficient petition in the court below, he would have been entitled to the judgment decreeing him the land.

We pass to consider the question presented, whether the petition "states facts sufficient to constitute a cause of action." Under the treaty, no person can obtain title to any of the lands ceded to the United States, until a sum of money is paid therefor, except certain Cherokee Indians are entitled to head-rights under article 19. If George had complied in every other respect with the provisions of article 17, except paying or offering to pay for the lands named, he would not have been entitled to receive a patent. The averments that "he is willing and hereby offers to pay to Phillips, or to any other person or party the appraised value, or such other sum or sums as the court may direct, and do all other things in the premises enjoined by equity and good conscience," show no payment or offer of payment to the United States. The allegation that Phillips has paid $2.50 per acre, the appraised value of the land, does not help the

matter, because if the land was patented to her under article 19, the payment was voluntary, and without being required by the treaty; indeed, unauthorized by law. If the patent was issued to Phillips under article 19, the officers could not legally have accepted any sum of money from her therefor. Article 19 prescribes that "All Cherokees, being heads of families, residing at the date of the ratification of this treaty on any of the lands herein ceded, * * * if he shall elect to remain on the land now occupied by him, shall be entitled to receive a patent from the United States in fee simple for three hundred and twenty acres of land, to include his improvements; and thereupon he and his family shall cease to be members of the nation." Again, before relief could have been granted to George in the district court, he must certainly have shown in his petition that his remedy before the officers provided for the express purpose of passing upon such questions had been exhausted, and that he had not been guilty of *laches*. The allegations in the petition as to the proceedings to dispute the award of the commissioners, are not merely indefinite and uncertain, but fail to set forth what action was had. It is true, the petition states that George "took steps to contest the right of Phillips to the lands before the proper authorities." But when, and how, said steps were taken, is not averred. It is not shown whether these proceedings were had before, or after, the issuance of the patent; nor does the petition affirmatively state that the rules and regulations prescribed by the Secretary of the Interior, under the authority of the treaty, were complied with. We do not mean to say that George was obliged to do any useless or unnecessary thing; but he should have set forth the acts done by him, after the issuance to him of the certificate by the commissioners, so that the court could have ascertained upon what papers or matter presented the Secretary arbitrarily acted, and when such authority was exercised. The only power seemingly granted to the commissioners of appraisal by the treaty, is the right to appraise the property

mentioned therein. The other acts performed by them must have been under the regulations of the Secretary of the Interior. They did not have the full authority of the local land officers of the United States. We therefore conclude the petition is fatally defective; that the demurrer thereto should have been sustained for want of sufficient facts to constitute any cause of action, and that the court below erred in rendering judgment in the case.*

The judgment must be reversed.

All the Justices concurring.

[*THIS case was brought to this court June 9th 1875, almost three years after final judgment in the court below. In May 1876, defendant in error moved to dismiss the petition in error for failure of plaintiff in error to comply with Rule 11, (13 Kas. 7.) This motion was overruled. This opinion was filed January 17th 1877. And thereupon Messrs. *McComas & McKeighan*, counsel for *George*, defendant in error, filed a motion for a rehearing, and for a dismissal of the petition in error, alleging, first, that neither *George* nor his counsel had been advised and did not know that his former motion to dismiss had been overruled; second, that after the decision and judgment of the district court, and on the 20th of December 1872, and within the time limited by said judgment, he (*George*) paid to the clerk of the Cherokee district court, for the use and benefit of Mrs. *Phillips*, $300, as required by the district court, (statement of case, *ante*, p. 420,) and that Mrs. *Phillips*, subsequently, on the 25th of August 1874, (and before bringing the case to this court,) by her attorney-in-fact, L. T. S., had accepted said money so paid, thereby accepting the judgment and decree of the district court as final and conclusive. These facts were duly proven by affidavit, and on proper notice being given to *Phillips*, and upon the payment of the costs in this court, the judgment of reversal was set aside, and a rehearing was granted. And thereupon, on motion of *George*, and in accordance with the decision in *Babbitt v. Corby*, 13 Kas. 612, and *Hoffmire v. Holcomb*, ante, p. 378, the petition in error herein was dismissed.—REPORTER.]