# ESTES *v.* TIMMONS.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF
OKLAHOMA.

No. 74.   Submitted November 10, 1905.—Decided November 27, 1905.

The decision of the proper officers of the Land Department on questions of fact in a contest is conclusive on the courts and, in the absence of fraud in preventing a party from presenting his case, the decision is not subjected to review by the courts by a charge of perjury against the witnesses.

THE facts are stated in the opinion.

*Mr. S. D. Luckett* for appellant:

In a case like this the courts will look into the record of proceedings in the Land Department, not for the purpose of ascertaining whether that Department came to a correct conclusion of fact from conflicting evidence, but to determine whether or not the judgment of the Department was right and just as between the parties and not the result of: 1. Error of law committed by the Department officials; 2. Fraud committed by the prevailing party; 3. Or imposition upon the Department officials by the prevailing party without which the decision would have been the other way.   *Garland* v. *Wynn,* 20 How. 5.

In many cases the court has examined the entire proceeding in the Land Department, including the testimony taken in a contest case, to determine whether a patent issued and involved in the suit had been obtained rightfully or not.   *Barnard* v. *Ashley,* 18 How. 43; *Lytle* v. *Arkansas,* 22 How. 7; *Lindsey* v. *Hawes,* 2 Black, 554; *Carr* v. *Fife,* 156 U. S. 494; *Johnson* v. *Townsley,* 13 Wall. 72; *De Cambra* v. *Rogers,* 189 U. S. 119; *United States* v. *Throckmorton,* 98 U. S. 61; *Baldwin* v. *Stark,* 107 U. S. 463, distinguished.

*Mr. J. H. Everest* for appellee.

MR. JUSTICE McKENNA delivered the opinion of the court.

Bill in equity to declare appellee trustee of appellant of the south half of the southeast quarter of section 18, T. 10 N., R. 4 E., in the county of Pottawatomie, Oklahoma. Appellee holds patent of the United States. The charge is that he obtained the patent by imposition and fraud practiced upon the Land Department. The trial court sustained a demurrer to the bill and entered a judgment dismissing it. The judgment was affirmed by the Supreme Court of the Territory. 12 Oklahoma, 537.

The essential averments of the bill are that the land is a part of Sac and Fox reservation in the Territory of Oklahoma, which was thrown open to settlement and homestead entry under the homestead laws of the United States, September 22, 1891, under the proclamation of the President of the United States, issued September 18, 1891. 27 Stat. 989. The appellant was qualified to make settlement and entry of said land, and immediately after 12 o'clock noon of September 22, and before any other qualified person, settled upon the land. Immediately thereafter he commenced to erect a dwelling house and established his residence thereon, and cultivated and improved the same in compliance with the homestead laws. On the twenty-fifth of September he made a homestead entry thereon at the land office at Oklahoma City. Appellee filed an affidavit contesting the entry, in which he falsely and fraudulently alleged that he made settlement on the land immediately after 12 o'clock noon of September 22, 1891, and prior to appellant. The contest came on for hearing on the fifth of July, 1892, and after hearing the register and receiver of the local land office held that appellee was the prior settler, and appellant's entry was canceled and appellee was allowed to enter the land May 21, 1894. On the twenty-sixth of September, 1894, appellant filed an affidavit of contest against appellee and his entry,

alleging that appellee was not qualified to make entry for the reason that he entered upon and occupied the land and other parts of the reservation prior to noon of the twenty-second day of September, 1891, and after September 18, 1891. The con-. test was heard and the land officers found adversely to the contention. This ruling was affirmed successively by the Commissioner of the General Land Office and the Secretary of the Interior, and patent issued to the appellee. The appellant alleges that, upon the hearing and trial before the register and receiver, appellee "wilfully, intentionally and fraudulently, intending to deceive and mislead and misinform said register and receiver, procured and introduced the testimony of witnesses, W. L. Hartman, Clarence Hartman, Sam Cole, David L. Timmons, John Eaton and H. W. Darrow, who, at the instigation and procurement of the said defendant (appellee) testified before said register and receiver, in substance and effect, that the said defendant did not enter upon or occupy any of said lands so opened to settlement as aforesaid before 12 o'clock noon of September 22, A. D. 1891, and subsequent to September 18, A. D. 1891, and to the effect that they were with said defendant during said period and all of the time; which said testimony was false, and known by said defendant to be false when he procured and introduced the same." The appellant also alleges that the Commissioner and Secretary of the Interior were deceived and misled as to the facts in the case by said false and fraudulent testimony.

An amendment to the bill, filed by permission of the trial court, alleges that after testimony was taken in the contest, and before any decision had been rendered by the register and receiver, appellant filed a motion to reopen the hearing in said contest, and that he be allowed to introduce further testimony. The motion was overruled, and a motion was then made for a new trial. Both motions were supported by affidavits, and it is alleged that the register and receiver were influenced to overrule the motions and were deceived by the false and fraudulent testimony of appellee and his witnesses, and that

said officers misconstrued and misapplied the law, in that the rules and practice of the Land Department require in all cases where fraud or perjury has been committed in any hearing the same shall be reopened or a new trial granted, when such fact is shown to the office or department where pending, regardless of technicalities. A like allegation is made in regard to the ruling of the Commissioner of the General Land Office and the Secretary of the Interior.

One of the affidavits attached to the motions was that of John Eaton, a witness in the contest proceedings for appellee, who testified to the settlement of the latter upon the land on the twenty-second day of September, 1891, after the opening of the reservation. Eaton states in his affidavit that he made his deposition by inducement of appellee and while he, Eaton, was intoxicated, and coming to reflect upon the injury he had done, he voluntarily reveals his perjury. He also states that he was not in Oklahoma on the twenty-second of September, but was in Kentucky, arriving there about the fifteenth or sixteenth of September. The affidavits of his brother and nephew corroborate his statement. There is an affidavit of one of the attorneys for appellant that he had been informed before the hearing of the contest by appellant that one George Stratton knew and had sworn in an affidavit, supporting appellant's affidavit of contest, that he was with appellee on the land in controversy on the twenty-second day of September, 1891, and was told by appellee that he had been on the reservation before it was opened. Stratton was written to, the affidavit states, to appear at the hearing, but did not appear. The affiant tried to see Stratton, but was prevented by inclement weather, but read his affidavit to him through the telephone, between the town of Wewoka and his residence. He replied that the affidavit was true. He, however, refused to come to town on account of the weather, and the notary refused to go to Stratton's for the same reason. It was stated that Stratton could not be communicated with earlier. No date is given of the communication with Stratton. The affi-

davit is dated March 4, 1899. The officers of the Land Department held the showing insufficient.

The contention of the appellant is that the Land Department was imposed upon and that this imposition constitutes a ground of review of its decision by the courts. *Garland* v. *Wynn,* 20 How. 6; *Barnard* v. *Ashley,* 18 How. 43; *Lytle* v. *Arkansas,* 22 How. 193; *Lindsey* v. *Hawes,* 2 Black, 554; *Carr* v. *Fife,* 156 U. S. 494; *De Cambra* v. *Rogers,* 189 U. S. 119, are relied on to support the contention.

Appellant, distinguishing between fraud and imposition practiced by a party upon the Land Department, makes the latter a ground of jurisdiction in the courts. His case demands this, as no fraud was practiced upon him to prevent him from fully presenting his case. He admits that a finding of facts upon contradictory testimony is conclusive, not only in the Land Department, but upon the courts. It is, however, in effect, contended that if perjury can or shall be imputed to the witnesses the character of the decision changes and becomes reviewable, and this not in an *ex parte* proceeding, but in a contested proceeding, where everything was open and took place upon notice. No case justifies this extreme view. It is certainly not called for by the facts of the case at bar. The land was thrown open to entry on the twenty-second day of September, 1891. Appellant made an entry and appellee contested it. The contest came on for hearing July, 1892, and decision rendered in 1894. Appellee then made entry and appellant instituted a contest. After some preliminary steps, and by consent of the parties, the case was set for hearing June 10, 1898. There was a continuance until September 12, and another until the 29th, both at the instance of appellant. The case was closed October 28. Motion to reopen the case was made January 27, 1899. Five witnesses besides Eaton and appellee testified to the latter's qualification to enter the land. At the hearing, October 12, 1898, the divorced wife of Eaton testified on behalf of appellant that she knew of the opening of the Sac and Fox reservation for settlement, and at that time

she and Eaton were on the way to Kentucky, having started in July, 1891. The attorney for the appellant, in the affidavits referred to, excused himself for not having moved for a continuance of the hearing after this testimony was given, on the ground that he could not give the names and residence of the witnesses by whom Eaton's presence in Kentucky could be proven, as required by rule 24, for the reason that the witness had informed him she did not know any person who would be likely to know the date other than the brother and relatives of Eaton, and they would not testify without his consent. He gave as another reason that he was fearful if he disclosed the fact that he was seeking evidence in Kentucky Eaton would flee the country, and, as appellee had sought to confuse and conceal the identity of Eaton, the flight of the latter would make the evidence of no utility to appellant. In view of this statement of the proceedings how can it be said imposition was practiced upon the Land Department? A great deal of the testimony was taken in the presence of the register and receiver. They as officers, given by law the duty and function of judgment, passed upon the weight of the evidence, its contradictions and the imputations to which it and the witnesses who gave it were subject. They exercised a like judgment upon the new testimony which was submitted on the motions to reopen and for new trial, upon the diligence in procuring it and its value upon the issue between the parties. They considered it and decided against it. They exercised the judgment which the law invested them with power to make. Their function would be useless if it did not extend that far, and every decision they should make could be subjected to review by the courts by a charge of perjury against a witness. Against such power of review the decisions are clear. *Vance* v. *Burbank,* 101 U. S. 514; *United States* v. *Minor,* 114 U. S. 233; *Lee* v. *Johnson,* 116 U. S. 48; *United States* v. *Throckmorton,* 98 U. S. 61.

*Decree affirmed.*