[No. 1734, April 23, 1915.]

## VAN PATTEN v. BOYD.

[Rehearing Denied May 17, 1915.]

### SYLLABUS BY THE COURT.

1. Where, upon the facts found, conceded, or established without dispute at a hearing before the Land Department of the United States, its officers fall into an error in the construction of the law applicable to the case, which causes them to refuse to issue the patent to the lawful claimant, and to give it to another, a court of equity has the power to correct the error, and to invest the rightful claimant with the title.

P. 254

2. When the law has confided to a special tribunal the authority to hear and determine certain matters arising in the course of its duties, the decision of that tribunal, within the scope of its authority, is conclusive upon all others.

P. 256

3. Until a patent to public lands has been issued by the constituted authority, the legal title to the land remains in the government, and the Land Department is invested with the jurisdiction and power to hear and determine conflicting claims to the same. Its adjudication, upon conflicting facts, is not subject to review by the courts.

P. 256

4. The misconstruction of the law must be of the law applicable to the case as established, and not upon the facts of the case as one or the other party may honestly believe them to be. This being true, it is essential for the attacking party to allege and set forth in his complaint the facts, as found by the department, or to allege that such facts were undisputed, in order to invest a court of equity with jurisdiction to entertain his application for relief.

P. 257·

5. The decision of the proper officers of the Land Department on questions of fact in a contest is conclusive on the courts; and, in the absence of fraud in preventing a party from presenting his case, or fraud practiced by the officers of the department, the decision is not subject to review by the courts by a charge of perjury against witnesses.

P. 259

Appeal from District Court, Doña Ana County; E. L. Medler, Judge.

Action by Eugene Van Patten against Nathan E. Boyd; From judgment for plaintiff, defendant appeals. Affirmed.

J. H. PAXTON of Las Cruces, for appellant.

Boyd had no vested right as against the U. S., but by reason of his valid and subsisting homestead entry he did have such right as against the appellee.
Shepley v. Cowan, 91 U. S. 330, 23 L. Ed. 424.

Equity will declare and enforce a trust as to the land on account of the false and fraudulent evidence adduced by appellee before the Land Department.
Bodley v. Taylor, 5 Cranch 191, 3 L. Ed. 75; Boardman v. Reed, 6 Pet. 342, 8 L. Ed. 421; Barnard v. Ashley, 59 U. S. 43, 15 L. Ed. 285; Garland v. Wynn, 61 U. S. 6, 15 L. Ed. 802; Lindsey v. Hawes, 67 U. S. 554, 17 L. Ed. 269; Meader v. Norton, 78 U. S. 442, 20 L. Ed.

187; Johnson v. Towsley, 80 U. S. 72, 20 L. Ed. 489; Samson v. Smiley, 80 U. S. 92, 20 L. Ed. 490; Moore v. Robins, 96 U. S. 530, 24 L. Ed. 851; Bohall v. Dilla, 114 U. S. 47, 29 L. Ed. 62; Duluth & Iron Range R. Co. v. Roy, 173 U. S. 590, 43 L. Ed. 822; Widdicombe v. Childers, 124 U. S. 400, 31 L. Ed. 429; Sanford v. Sanford, 139 U. S. 642, 35 L. Ed. 292; Ard v. Brandon, 156 U. S. 541, 39 L. Ed. 525; Gonzales v. French, 164 U. S. 342, 41 L. Ed. 460.

Perjury on a hearing between the same parties before the Land Department is not ground for equitable relief, but nothing can be found in the decisions to the effect that misapplication of law is not always a ground for such relief.

U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Vance v. Burbank, 101 U. S. 514, 25 L. Ed. 929; U. S. v. Minor, 114 U. S. 243, 29 L. Ed. 114.

The amendment of Van Patten's entry so as to include land covered by appellant's intervening and subsisting entry was contrary to law.

U. S. R. S., sec. 2372; Act Feb. 24, 1909, amending sec. 2372, supra; Sederquist v. Ayers, 2 L. D. 575; Goyne v. Mahoney, 2 L. D. 577; A. J. Slootskey, 6 L. D. 506; Richard Gill, 8 L. D. 305; Orvis v. Birtch, 11 L. D. 477; Cawood v. Dumas, 22 L. D. 586; S. J. Martin, 27 L. D. 71; Rankin v. Miller, 43 Ia. 11; Martin v. Blankership, 5 Mo. 346; Le Marchal v. Tegarden, 175 Fed. 685; Mills v. Stoddard, 8 How. 366, 12 L. Ed. 1115; Roberts v. Gordon, 14 L. D. 479.

J. F. Bonham and W. R. Reber of Las Cruces, for appellee.

The court has no jurisdiction because the complaint is insufficient in that matters therein alleged are res adjudicata. Title to the land is vested in the U. S. government, and the Land Department only has jurisdiction affecting its title.

Brown v. Hitchcock, 173 U. S. 473, 43 L. Ed. 773; Johnson v. Towsley, 13 Wall. 72; Baldwin v. Stark, 107 U. S. 463, 27 L. Ed. 526; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800; Lee v. Johnson, 116 U. S.48; Steel v. Smelting Co., 106 U. S. 447.

An inceptive right only is initiated by entering the land.

Lockwitz v. Lawson, 16 Utah, 275, 52 Pac. 279.

In absence of fraud or mistake, decision of Land Department is conclusive.

U. S. v. Minor, 115 U. S. 233, 29 L. Ed. 110; U. S. v. Amer. Bell Tel. Co., 167 U. S. 240, 42 L. Ed. 154, and authorities supra.

From pleadings court cannot determine what mistake of law was or how it occurred. It is necessary that pleadings show this.

Quinby v. Conlan, 104 U. S. 420, 26 L. Ed. 802; Marquez v. Frisbie, 103 U. S. 473, 25 L. Ed. 800. See also: Linkswiler v. Schneider, 95 Fed. 205; Green v. Haynes, 70 Cal. 281; Whitcomb v. White, 214 U. S. 13, 53 L. Ed. 530.

### OPINION OF THE COURT.

ROBERTS, C. J.—On September 15, 1909, appellee instituted this action in the court below against appellant, with the stock form of complaint in ejectment, to recover possession of the lands in dispute, which were occupied by appellant, basing his claim of title upon a patent issued by the United States. After proceedings, not included in the transcript of record, on December 2, 1912, appellant filed his second amended answer and counterclaim, in the nature of a bill in euity, seeking to enforce a trust and conveyance of the land in question from appellee to appellant. Appellant's counterclaim attempts to set up two causes of action by way of counterclaim and defense. The first cause of action in the counterclaim is to the ef-

fect that appellant is entitled to the land in question un-
der the land laws of the United States, and that appellee
procured the said land to be patented to him by a misap-
plication of the said laws on the part of the Land De-
partment, and in violation of such laws.     The second
cause of action in the counterclaim is to the effect that
appellant is entitled to the land in question under the
land laws of the United States, and that appellee pro-
cured the said land to be patented to him by means of
false and perjured testimony introduced before the land
officers of the United States, which it is alleged neces-
sarily affected the judgment of such officers.     In each
cause of action appellant shows that he prosecuted all
forms of appeal possible in the Land Department.     The
trial court sustained a motion to strike the second cause
of action, and a demurrer to the first cause, and, appel-
lant electing to stand upon his pleadings, judgment was
entered for appellee.

[1]     The first cause of action set up in the counter-
claim proceeded upon the theory that the officers of the
Land Department had, by a misconstruction of the law,
issued a patent for the land in question to the appellee,
whereas, had the law been correctly interpreted, appellant
would have been invested with the legal title to the same.
It is well settled that, where, upon the facts found, con-
ceded, or established without dispute at the hearing be-
fore the department, its officers fell into an error in the
construction of the law applicable to the case which caus-
ed them to refuse to issue the patent to the lawful claim-
ant, and to give it to another, a court of equity has the
power to correct the error, and to invest the rightful
claimant with the title.     James v. Germania Iron Co.,
107 Fed. 597, 46 C. C. A. 476; Cunningham v. Ashley,
14 How. 377, 14 L. Ed. 462; Barnard's Heirs v. Ashley's
Heirs, 18 How. 43, 15 L. Ed. 285; Garland v. Wynn, 20
How. 6, 15 L. Ed. 801; Lytle v. Arkansas, 22 How. 193,
16 L. Ed. 306; Moore v. Robbins, 96 U. S. 530, 24 L.
Ed. 848; Bernier v. Bernier, 147 U. S. 242, 13 Sup. Ct.
244, 37 L. Ed. 152.     This principle of law is conceded
by appellee.     The first count of the counterclaim is at-

tacked by the demurrer upon the ground, among others, that it fails to state sufficient facts to show that appellant is entitled to the relief sought, in that it fails to set out the facts found by the department, or that the facts alleged in the complaint were the undisputed facts, upon which the decision of the department was predicated. The allegations of the counterclaim, which attempt to set up the mistake of law, and the facts upon which the law was applied are as follows:

"That defendant is, and was at all times herein mentioned, * * * a qualified homestead entryman under the laws of the United States, and the said land hereinbefore described being then public domain of the United States, undisposed of and subject to entry. ** * * That defendant has fully complied with all the requirements of the laws of the United States for patenting and acquiring title to the said land, as such homestead entryman thereon. * * * Although defendant was then and there in actual possession and occupancy of the same under his homestead entry hereinbefore described; and although defendant's said homestead entry was then a valid subsisting homestead entry upon the records of the United States land office at Las Cruces, N. M., and upon the records of the General Land Office of the United States; and notwithstanding defendant's said pre-existing and then existing homestead entry on said north half of the southwest quarter of section 7, and notwithstanding defendant's said pre-existing and then existing possession and occupancy thereof * * * Defendant's said homestead entry thereon being a valid subsisting homestead entry upon the records of the said United States land office at Las Cruces, N. M., and upon the records of the General Land Office of the United States. * * * That plaintiff's said amendment * * * was finally and unappealably allowed * * * contrary to the laws of the United States, and par-

ticularly in manifest violation of the provisions of the statute of the United States made and provided in the case of amendments to public land entries, the same being United States Revised Statutes, § 2372 (U. S. Comp. St. 1913, § 4780), * * * That defendant's said homestead entry * * * continued to be a valid, subsisting entry upon the records of the United States land office at Las Cruces, N. M., and upon the records of the General Land Office of the United States, until the 23d day of August, A. D. 1909. * * * That defendant's said homestead entry was finally canceled by reason of the plaintiff's said amendment to his homestead entry. * * * That without plaintiff's said amendment to his homestead entry defendant would now be entitled to, and in due course of law would now have, a United States patent for his said homestead entry. * * * That plaintiff's said United States patent for his said amended homestead entry is plaintiff's sole and only ground for his suit in ejectment herein."

[2] It is well settled that, in the absence of mistake or fraud:

"When the law has confided to a special tribunal the authority to hear and determine certain matters arising in the course of its duties, the decision of that tribunal, within the scope of its authority, is conclusive upon all others." Johnson v. Towsley, 13 Wall. 72, 20 L. Ed. 485.

[3] Until a patent to public lands has been issued by the constituted authority, the legal title to the land remains in the government, and the Land Department is invested with the jurisdiction and power to hear and determine conflicting claims to the same. Its adjudication, upon conflicting facts, is not subject to review by the courts.

Section 2372, R. S. U. S. (U. S. Comp. St. 1913, § 4780), authorizes the amendment of an entry of public lands, either before or after the issuance of patent, where

certain prescribed conditions exist, but such amendment cannot include lands theretofore sold by the United States, and public land theretofore entered by a qualified entry-man would be "sold" within the meaning of the statute, and after such entry no longer subject to further disposition by the government. Such being the case, if the counterclaim had alleged that the facts therein set forth were found to exist by the Land Department, or that such facts were undisputed, it would have stated grounds for the relief sought. But it does not do this. It sets up what the appellant claims the facts to be, which, briefly summarized, were: (1) That he was a qualified entry-man; (2) that he has fully complied with all the requirements of the laws, etc.; (3) that his entry was a valid and subsisting entry at the time appellee filed his application for the amendment and the same was allowed. If these facts were undisputed, or were found as the facts by the officers of the Land Department, concededly the law was misapplied to appellant's prejudice, if the other facts alleged existed. But any one of these facts might have been disputed by appellee, and might have been the subject of inquiry by the Land Department, which, if found not to exist, would have warranted the cancellation of his entry and the allowance of appellee's amendment. Suppose in the contest proceedings the Land Department had found, upon conflicting evidence, that appellant was not a qualified entryman, could it be contended that there had been any misapplication of the statute in question? Or, for example, suppose that the Land Department found that appellant had not filed his application for the lands at the time claimed, and that thereafter appellee filed his application, but that appellee's application had been filed and allowed first?

[4] It is to be presumed that in every contested case heard by the officers of the Land Department, each party claims that he is legally entitled to the patent, or to enter the land, and that upon the facts as they actually exist his right should be recognized and protected. Each party produces witnesses to establish what he contends to be the facts. Upon such evidence the department renders

its decisions for the one or the other. If it were permissible for the defeated party to go into a court of equity and set up what he conceives the facts to be, without being required to allege that such facts were undisputed, or were found to exist by the officers of the department, every case decided by this tribunal would be subject to review by the courts. "The misconstruction [of the law] referred to must be, as stated, of the law applicable to the case as established" (Sanford v. Sanford, 139 U. S. 642, 11 Sup. Ct. 666, 35 L. Ed. 290), and not upon the facts of the case as one or the other party may honestly believe and claim them to be. This being true, it is essential for the attacking party to allege and set forth in his complaint the facts, as found by the department, or to allege that such facts were undisputed, in order to invest a court of equity with jurisdiction to entertain his application for relief. The issue to be tendered by him is that upon the facts as found by the department, if there is a conflict in the evidence, or upon the undisputed facts, the law was misapplied, not that the law was misapplied upon the actual facts in the case, as the complaining party might prove such facts to be upon a trial in the district court. Under the facts alleged in this paragraph of the counterclaim, the issue would be as to the actual facts in the case, as they originally existed, which the trial court would be required to find from the evidence produced before it, and upon such facts so found it would be asked to decide that the Land Office has misapplied the law. There might be an answer filed to this counterclaim, denying all its material allegations, which would of course present the issue as to whether appellant was a qualified entryman; whether he filed his application for the land prior to the appellee's amendment, etc. Upon this issue, which of course must first be decided in order to determine whether there had been a misapplication of the law, the parties would be entitled to produce evidence which might be conflicting. Upon the evidence so adduced the trial court would be required to determine the facts. Suppose it should find, upon this conflicting evidence, that all the allegations of appellant's counterclaim

were true, might it not be equally true that the Land Office upon the same or different evidence produced before it honestly reach a different conclusion as to the issuable facts?

[5]    In the case of James v. Germania Iron Co., supra,. Judge Sanborn, speaking for the Circuit Court of Appeals, Eighth Circuit, said:

> "But the judgment and conveyance of the department do not conclude the rights of the claimants to the land.   They rest on established principles of law and fixed rules of procedure, which condition their initiation and prosecution, the application of which to the facts of each case determines its right decision; and, if the officers of the Land Department are induced to issue a patent to the wrong party by an erroneous view of the law, or by a gross or fraudulent mistake of the facts, the rightful claimant is not remediless.   He may avoid this decision and charge the legal title derived from the patent which they issue with his equitable right to it on either of two grounds:   (1) That upon the facts found, conceded, or established without dispute at the hearing before the department its officers fell into an error in the construction of the law applicable to the case which caused them to refuse to issue the patent to him, and to give it to another."

In the case of Quinby v. Conlan, 104 U. S. 426, 26 L. Ed. 802, the defendant sought to have a trust created in his behalf and to require the plaintiff to convey the title to land theretofore patented to him to defendant.   The court said:

> "It would lead to endless litigation, and be fruitful of evil, if a supervisory power were vested in the courts over the action of the numerous officers of the Land Department on mere questions of fact presented for their determination.  It is only when those officers have misconstrued the law applicable to the case, as estab-

lished before the department, * * * And we may, also add, in this connection, that a misconstruction of the law by the officers of the department which will authorize the interference of the court must be clearly manifest, and not alleged upon a possible finding of the facts from the evidence different from that reached by them."

In the case of Durango Land & Coal Co. v. Evans, 80 Fed. 425, 25 C. C. A. 523, the Circuit Court of Appeals, Eighth Circuit, said:

"The contest having been tried and determined before a special tribunal constituted for that purpose, its judgment can only be overturned for errors of law, by showing that it misconstrued or misapplied the law applicable to the case made before the Land Department, and the bill of complaint does not advise us what evidence was produced before the department relative to Evans' qualifications to enter coal lands, or relative to his acts of abandonment. This court cannot say that the law was misconstrued by the officers of the Land Department, unless their findings upon questions of fact are disclosed, or enough undisputed facts are disclosed which were proven before the department, to make it plain that an error of law was committed, and that the complainant company was thereby deprived of its rights. Marquez v. Frisbie, 101 U. S. 473, [25 L. Ed. 800]; Sanborn v. Sanford, 139 U. S. 642 [11 Sup. Ct. 666, 35 L. Ed. 290]. No decision by the Land Department would have any weight, or afford any protection to a successful litigant in that department, if, without any statement of what the facts were as presented to the department, the whole controversy could be opened in the courts by general allegations, such as are found in the present bill, that the successful litigant had exhausted his right to enter land, or was otherwise disqualified, or had abandoned his entry. These are matters

which were properly cognizable before the Land Department when the contest was pending."

In the case of Myers v. Berry, 3 Okla. 612, 41 Pac. 580, it was claimed that the townsite trustees had misapplied the law, defining their duties, and the plaintiff sought to have the defendant declared a trustee of certain lands and require their conveyance to him, because of such misapplication of the law, but for which he claimed he would have been given the legal title to the land. The court said:

"In order to present the question as to whether or not the trustees misapplied the law, it would be necessary to accompany the petition with the findings of fact upon which they made their rulings in order that the court might determine, as a matter of law, whether their application of the law was correct."

If the foregoing reasoning is sound, it follows that the trial court properly sustained the demurrer to the first defense by way of counterclaim to the amended complaint.

The theory upon which the second defense, and by way of counterclaim proceeds, is that the appellee testified falsely at the hearing upon his application in the United States land office at Las Cruces, N. M., relative to certain material facts, which are set out in the counterclaim, and that but for such false testimony, etc., necessarily affecting the judgment of the officers before whom it was given and by whom it was considered, appellant would have received a patent to the land. Appellant does not allege that by reason of any fraud practiced by appellee he was prevented from fully presenting his case to the proper officer, but his claim is based solely upon the ground that perjured testimony was given by appellee. The courts generally hold that the decision of the proper officers of the Land Department on questions of fact in a contest is conclusive on the courts and, in the absence of fraud in preventing a party from presenting his case, or fraud practiced by the officers of the department, the decision is not subject to review by the courts by a charge of perjury against witnesses. This must necessarily be the cor-

rect rule, otherwise the losing party in such a contest would, in most cases, be able to secure a review in the courts, because he could secure the same by an allegation that the successful party had been guilty of perjury. In all these cases there is usually a conflict in the testimony, and the unsuccessful party, honestly no doubt, entertains the belief that the successful party has employed perjured testimony. This question, however, is settled by decisions of the Supreme Court of the United States, and requires no further discussion, save a reference to the decided cases. In the case of Estes v. Timmons, 199 U. S. 391, 26 Sup. Ct. 85, 50 L. Ed. 241, the court said:

> "A great deal of the testimony was taken in the presence of the register and receiver. They as officers, given by law the duty and function of judgment, passed upon the weight of the evidence, its contradictions and the imputations to which it and the witnesses who gave it were subject. They exercised a like judgment upon the new testimony which was submitted on the motions to reopen and for new trial, upon the diligence in procuring it and its value upon the issue between the parties. They considered it and decided against it. They exercised the judgment which the law invests them with power to make. Their function would be useless if it did not extend that far, and every decision they should make could be subjected to review by the courts by a charge of perjury against a witness. Against such power of review the decisions are clear. Vance v. Burbank, 101 U. S. 514 [25 L. Ed. 929] ; United States v. Minor, 114 U. S. 233, [5 Sup. Ct. 836, 29 L. Ed. 110] ; Lee v. Johnson, 116 U. S. 48 [6 Sup. Ct. 249, 29 L. Ed. 570] ; United States v. Throckmorton, 98 U. S. 61 [25 L. Ed. 93]."

In the case of Greenameyer v. Coate, 212 U. S. 434, 29 Sup. Ct. 345, 53 L. Ed. 587, the same contention was urged. The court said:

Van Patten v. Boyd, 20 N. M. 250.

"The case therefore falls within the doctrine of Vance v. Burbank, 101 U. S. 514, 519 [25 L. Ed. 929]; De Cambra v. Rogers, 189 U. S. 119 [23 Sup. Ct. 519, 47 L. Ed. 734]; Estes v. Timmons, 199 U. S. 391, [26 Sup. Ct. 85, 50 L. Ed. 241]; United States v. Throckmorton, 98 U. S. 65 [25 L. Ed. 93]; Friese v. Hummel [25 Or. 65 [25 L. Ed. 93]; Friese v. Hummel [65 Or. Vance v. Burbank, supra, this court said, expressing the principle that is to be applied in cases like that at bar: 'It has also been settled that the fraud in respect to which relief will be granted in this class of cases must be such as has been practiced on the unsuccessful party, and prevented him from exhibiting his case fully to the department, so that it may properly be said there never has been a decision in a real contest about 'the subject-matter of inquiry. False testimony or forged documents even are not enough if the disputed matter has actually been presented to or considered by the appropriate tribunal. United States v. Throckmorton, 98 U. S. 61 [25 L. Ed. 93]; Marquez v. Frisbie, supra. The decision of the proper officers of the department is in the nature of a judicial determination of the matter in dispute.' "

See, also, Wiseman v. Eastman, 21 Wash. 163, 57 Pac. 398, to the same effect. These cases so conclusively and convincingly settle this question that further argument would be useless. The court committed no error in sustaining the motion to strike, which was evidently treated by the court and the parties as a demurrer.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

HANNA, J., and NEBLETT, District Judge, concur.