### SCOTTEN et al. v. ROSENBLUM et al.

#### (District Court S. D. New York. February 28, 1916.)

1. PLEADING ⊂▷8(2)—PLEADING CONCLUSION—"WRONGLY."

    A bill of review, alleging that defendant's attorney "wrongly" entered the judgment, pleaded merely a conclusion of law.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 13; Dec. Dig. ⊂▷8(2).]

2. EQUITY ⊂▷447(2)—BILL OF REVIEW—NEWLY DISCOVERED EVIDENCE.

    A bill of review for newly discovered evidence, which does not show evidence that would support a different conclusion, is insufficient.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 1093; Dec. Dig. ⊂▷447(2).]

3. EQUITY ⊂▷447(4)—BILL OF REVIEW—GROUNDS—NEWLY DISCOVERED EVIDENCE.

    A bill of review for newly discovered evidence will not lie where the evidence was available at the time of trial.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 1094; Dec. Dig. ⊂▷447(4).]

4. DISCOVERY ⊂▷5—DISCOVERY OF DOCUMENTS—DELAY UNTIL AFTER JUDGMENT—EXCUSE.

    It was never possible for a party to an action at law successfully to apply for discovery after verdict and judgment, unless the delay was excused by accident, surprise, or fraud.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 6; Dec. Dig. ⊂▷5.]

5. DISCOVERY ⊂▷19—DISCOVERY IN AID OF ACTION AT LAW—SHOWING OF POSSESSION OF DOCUMENTS.

    A bill for discovery of documents in aid of an action at law must show that defendant has possession of material documents.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 20–26; Dec. Dig. ⊂▷19.]

6. DISCOVERY ⊂▷3—BILL TO PUT PARTY ON OATH—OBSOLETE CHARACTER.

    A bill for discovery to put a party on his oath is obsolete, since the remedies now given at law in allowing parties to be sworn are adequate, while the whole basis of bills for discovery by answer to the charges of the bill lay in the disqualification of parties to testify in a court of law.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 3, 4; Dec. Dig. ⊂▷3.]

---

⊂▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. JUDGMENT ☞378—EQUITABLE RELIEF—NEWLY DISCOVERED EVIDENCE.**

A judgment cannot be reopened for so-called newly discovered evidence, which was available.at the time of first trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 715, 716; Dec. Dig. ☞378.]

**8. JUDGMENT ☞512—EQUITABLE RELIEF—FRAUD.**

Assignees of a corporation could not have equitable relief from a judgment adverse to them in their suit against the corporation's debtor because he fraudulently denied his signature on the sheriff's certificate, in suit against the corporation in which he was attached, that he was indebted to the corporation, thereby perjuring himself, since only where the defeated party has been prevented by fraud from presenting his own. case is he entitled to equitable relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 955; Dec. Dig. ☞512.]

Bill by Samuel C. Scotten and another against Max Rosenblum and another. On motion to dismiss as against the named defendant. Bill dismissed, with leave to amend.

This is a motion to dismiss a bill in equity as against the defendant Rosenblum. The bill is filed by the assignees of a corporation whose business consisted in placing the advertising of its customers, in paying the cost of advertising to the several publications, and of collecting the cost from the customer, with 10 per cent. addition, which constituted the commission of the corporation. The corporation employed the other defendant Samuels as its agent in New York upon an agreement under which he was to receive one-third of the corporation's commissions for the work he was to do. Rosenblum was in the cigar business, and through Samuels placed with the corporation orders for large amounts of advertising which was actually published, and for which Rosenblum left unpaid a balance of over $7,000. Thereafter Samuels left the corporation's employ and sued it for his share of the commissions. In this suit he attached the claim of the corporation against Rosenblum, who filed the usual certificate with the sheriff, saying that he was indebted to the corporation in the sum of over $7,000 as now claimed. The corporation released this attachment and Samuels recovered judgment which was later paid by the corporation. In the trial Samuels testified that he had procured certain advertising for Rosenblum which he enumerated in detail, and for which he had sent the invoices to Rosenblum himself. These invoices he procured again from Rosenblum and put in evidence upon the trial. The advertising amounted to $19,906.60 on which the commissions were $1,990.21, one-third of which Samuels recovered under the judgment in question, Samuels always insisting, however that he could not exactly fix the amount of the corporation's claim against Rosenblum.

Meanwhile the plaintiffs sued Rosenblum at law in this court for more than $8,000, and' were beaten, Rosenblum denying his signature to the certificate and saying that he had paid Samuels in full for all his advertising. The decision in that action, which was without a jury, declared that the plaintiffs had failed to show that the corporation had expended any sums for Rosenblum, and that the latter should have judgment with costs. Upon this Rosenblum's attorney "wrongly" entered a judgment, dismissing the complaint on the merits. The date of this judgment ˙is not given, but thereafter the plaintiffs sought in every way to get evidence of the payment by the corporation of moneys for Rosenblum, especially plying Samuels to discover what documents he might have and what information he might acquire, since it was through him alone that all the work had been done. Finally, despairing of getting any help from Samuels and suspecting that he was trying to shield Rosenblum, the plaintiffs brought this suit, asking for a discovery from Rosenblum and Samuels and a decree opening the judgment between itself and Rosenblum if it were determined that Rosenblum owed the money.

Marx & Snydecker, of New York City, for the motion.
Thorndike Saunders, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1-3] The bill is presented in several aspects; as a bill of review, as a bill to reopen a judgment for fraud, as a bill for a discovery. As a bill of review, it cannot be for error appearing upon the record, since it does not appear from the bill that there was any error appearing upon the record of the action of the plaintiffs against Rosenblum. The decision does not contradict the judgment, and there is no reason to suppose that it was erroneous, except from the allegation that Rosenblum's attorney "wrongly" entered the judgment, which is a mere conclusion of law. As a bill of review for newly discovered evidence, it will not serve, because no evidence is suggested which would support a different conclusion, unless it be found in the affidavits of David N. Carvalho and Milton Foreman. These are not parts of the bill, but as they may be made such upon an amendment, it is well to consider their contents now. Foreman was the attorney of the plaintiffs in that action, and swears on February 25, 1914, that in January, 1910, Rosenblum had admitted the claim, and allegation also contained in the bill. It nowhere appears that the trial of the action was before January, 1910, and that this evidence was not available at the time. The reasonable inference is the contrary. Carvalho swears that on December 3 and 4, 1913, he compared Rosenblum's signature in the certificate with his signature on a certificate of incorporation, and found them the same. It does not appear that this was after the trial of the action, and if it did, it would amount to nothing, because the evidence was available at any time after the certificate was filed. I do not mean to consider how far a motion in the action itself for a new trial, being an appropriate remedy, would, in any event, cut off the right to a bill of review. I dispose of the matter on the merits.

[4] Under its aspect as a bill for discovery in aid of the action at law against Rosenblum, the bill is likewise bad. It is quite possible that since Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, a bill for discovery of documents in aid of an action at law will still lie. This seems to be the effect of the language of Mr. Justice Lurton, on page 539 of 221 U. S., on page 683 of 31 Sup. Ct., 55 L. Ed. 842, and this was the opinion in Colgate v. Compagnie Française, etc. (C. C.) 23 Fed. 82, although it was generally thought before Carpenter v. Winn, supra, that the discovery available at law under section 724, Rev. St. (Comp. St. 1913, § 1469), had superseded discovery of documents in equity. Safford v. Ensign Mfg. Co., 120 Fed. 480, 56 C. C. A. 630. See, also, the language of Mr. Justice Peckham as to section 724 in United States v. Bitter Root Co., 200 U. S. 451, 475, 26 Sup. Ct. 318, 50 L. Ed. 550.

But that question need not be decided in this case, because even under the old rule it was never possible for a party in an action at law to wait until after verdict and judgment in order to apply for discovery (Brown v. Swann, 10 Pet. 497, 9 L. Ed. 508),

unless there was some charge of accident, surprise, or fraud. It is true that in that case the judgment had been entered by consent, but that was not the basis of the decision, which rested again upon the general rule that such delay in the absence of some excuse was fatal.

[5, 6] Furthermore, no case is made in any event for the discovery of documents, because no evidence is stated in the bill from which it appears that Rosenblum had possession of any documents which are material to the action at law. The proper course, laid down in rule 58 (33 Sup. Ct. xxxiv), has been entirely disregarded, but it would make no difference if it had been followed, because there appears to be nothing to inspect. As a bill for discovery to put Rosenblum on his oath, it is clearly obsolete, since the remedies now given at law in allowing parties to be sworn are adequate for that purpose, and the whole basis of bills for discovery by answer to the charges of the bill lay in the disqualification of parties to testify in a court of law.

[7, 8] The final defense of the bill is as a bill to reopen a judgment at law upon the ground of fraud or newly discovered evidence. In the last point Pickford v. Talbott, 225 U. S. 651, 32 Sup. Ct. 687, 56 L. Ed. 1240, controls. The evidence must not have been available at the time of the first trial. The bill is really indistinguishable in that aspect from a bill of review for newly discovered evidence. As a bill for relief for fraud, the bill is lacking in any specific allegations of fraud, but that I will pass by because it may be cured by amendment, and I wish to dispose of the matter upon the merits. The only conceivable ground of fraud which could arise from the allegations is that Rosenblum fraudulently denied his signature on the sheriff's certificate, and therefore perjured himself. This is not enough, when the very matter has been inquired into and decided. Only in case the defeated party has been prevented by fraud from presenting his own case can he get relief; otherwise there might be indefinite retrials, United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; Vance v. Burbank, 101 U. S. 514, 25 L. Ed. 929; Estes v. Timmons, 199 U. S. 391, 26 Sup. Ct. 85, 50 L. Ed. 241; Greenameyer v. Coate, 212 U. S. 434, 29 Sup. Ct. 345, 53 L. Ed. 587; United States v. Gleeson, 90 Fed. 778, 33 C. C. A. 272 (C. C. A. 2d Cir.). Cases like Johannesson v. United States, 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066, where the first decision was ex parte, are to be distinguished.

This bill from every aspect appears to be no more than an effort to retry the action of the plaintiffs against Rosenblum without the limitations applicable to such relief. The bill is dismissed with leave to amend within 10 days after the entry of this order.