### CHRISTIE et al. v. GREAT NORTHERN RY. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. November 20, 1922.)

No. 3880.

1. **Public lands ☞29—Homestead rights cannot be acquired in lands previously withdrawn.**

Homestead rights cannot be acquired in land previously withdrawn from entry as passing under a railroad grant.

2. **Public lands ☞106(2)—Decisions of Land Office reviewable for error of law only.**

Decisions of the Land Office are not reviewable by the courts for errors of fact or of mixed fact and law, but only for errors of law.

3. **Public lands ☞116—Patent may not be attacked by stranger to title.**

A patent issued by the Land Department not void on its face cannot be questioned either directly or collaterally by one who does not show himself to be in privity with the paramount source of title.

4. **Public lands ☞126—Right of applicant to relief on the ground of fraud.**

Fraud which will entitle an unsuccessful claimant to relief in the courts must be such as prevented him from fully presenting his side of the controversy.

5. **Public lands ☞103(1)—Claim first initiated deemed first in right.**

As between conflicting claims to public lands, he whose initiation is first in time, if adequately followed up, is deemed first in right, and, if his claim is finally approved, his right relates back to the date of its initiation to the exclusion of any intervening claim.

6. **Public lands ☞131—Only entrymen in good faith entitled to surface patent for coal lands.**

To entitle a homestead entryman to patent for the surface of land subsequently ascertained to be valuable for coal under Act March 3, 1909 (Comp. St. § 4665), and Act June 22, 1910 (Comp. St. §§ 4666–4668), his entry must have been made in good faith, without knowledge of the mineral character of the land.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by Ernest R. Christie and Belle Christie against the Great Northern Railway Company and another. Decree for defendants, and complainants appeal. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

From a decree dismissing their complaint for want of equity, in a suit brought by the appellants to charge the appellees as trustees of the title to 120 acres of land, this appeal is taken. The land in question was selected and scrip was filed thereon on May 9, 1902, by the St. Paul, Minneapolis & Manitoba Railway Company, now the Great Northern Railway Company. The plat of the survey was filed February 6, 1907. It showed the land in controversy to be nonmineral. It is alleged in the complaint that the appellants tendered their homestead filing in 1907, and that the same was rejected by the local land office upon the ground that scrip had been filed covering the land. There is no allegation that appeal was taken from that ruling. The complaint proceeds to set forth all the proceedings in the land office in reference to the appellants' claim of homestead and the rulings thereof. In those proceedings the following appears: On September 10, 1910, Ernest R. Christie made application to enter the land as a homesteader and filed a protest against the railway company's selection on the ground that the land was occupied and improved and was coal land. He alleged his own settlement as of September 25, 1906, and continued residence thereafter. On September 10, 1910, Christie's application was rejected as conflicting with the railway company's selection. His protest was referred to the Commissioner of the General Land Office, who affirmed the register and receiver in rejecting the homestead application and overruled the protest against the railway company's selection. On November 3, 1913, the First Assistant Secretary of the Interior affirmed a rejection of the homestead application, but ordered a hearing upon the protest. On that hearing on October 15, 1914, the protest was dismissed; the register and receiver holding that the lands had no value as coal lands. On appeal from that ruling the Commissioner on April 30, 1915, affirmed the decision of register and receiver on the ground that the land was not known to be valuable for coal on the date of the railway company's selection. On August 17, 1915, the Assistant Secretary of the Interior affirmed the Commissioner's decision and later denied a motion for rehearing. It thus appears from the complaint that more than four years after the railway company selected the land Christie undertook to initiate a homestead settlement thereon, and that more than eight years after such selection he undertook to file a homestead application and protest against the selection.

J. H. Cannon, of Bellingham, Wash., for appellants.

Thomas Balmer, of Seattle, Wash., and Clinton W. Howard, of Bellingham, Wash., for appellees.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1-3] Upon the appellants' own showing, they have no ground for equitable relief. The land which they attempted to enter as a homestead in 1907 had been withdrawn from settlement in 1902 when scrip was filed thereon by the railway company. Weyerhaeuser v. Hoyt, 219 U. S. 380, 31 Sup. Ct. 300, 55 L. Ed. 258. Conceding that title to the land was illegally acquired by the railway company, the appellants are in no position to assert the illegality of the title. Upon their own showing they are estopped by the proceedings in the Land Department. They attack the validity of those proceedings on the ground of errors in fact or errors of mixed law and fact, and not upon errors of law, disregarding the rule that the jurisdiction of the courts may be invoked only upon the showing that the Land Department has disobeyed or misapplied the law applicable to the case (Marqueze v. Frisbie, 101 U. S. 473, 25 L. Ed. 800), and the further rule that a

patent issued by the General Land Office not void upon its face cannot be questioned either directly or collaterally by one who does not show himself to be in privity with the paramount source of title (Burke v. Southern Pacific R. Co., 234 U. S. 669, 34 Sup. Ct. 907, 58 L. Ed. 1527).

[4] In the complaint are allegations of fraud on the part of the appellees in that they falsely represented to the Land Department that the land in controversy was nonmineral and unoccupied, when in fact the land was openly and notoriously known to contain coal, and possession of portions thereof had been maintained by coal land claimants. But it is well established that the fraud which will entitle an unsuccessful land claimant to relief in the courts must be such as prevented him from fully presenting his side of the controversy. It is not enough that there may have been false allegations or false testimony in the proceedings. Ross v. Stewart, 227 U. S. 530, 33 Sup. Ct. 345, 57 L. Ed. 626; Estes v. Timmons, 199 U. S. 391, 26 Sup. Ct. 85, 50 L. Ed. 241.

The appellants assert as applicable to their case that, until approval by the Secretary of the Interior of a lieu land selection, the land is open to homestead settlement, citing Sjoli v. Dreschel, 199 U. S. 564, 26 Sup. Ct. 154, 50 L. Ed. 311, and Osborn v. Froysett, 216 U. S. 571. Conceding that certain language in the reasoning of the court in those cases may lend color to the contention, later decisions of the Supreme Court make it clear that lands in such a situation are not open to homestead settlement. Wyoming v. United States, 255 U. S. 489, 41 Sup. Ct. 393, 65 L. Ed. 742; Weyerhaeuser v. Hoyt, 219 U. S. 380, 387, 31 Sup. Ct. 300, 303 (55 L. Ed. 258), where it was said:

"The requirement of approval by the Secretary consequently imposed on that official the duty of determining whether the selections were lawful at the time they were made, which is inconsistent with the theory that any one could appropriate the selected land pending action of the Secretary."

[5] The decisions so cited and others establish the principle that, as between conflicting claimants to public lands, he whose initiation is first in time, if adequately followed up, is to be deemed first in right. That principle applied to the facts of the present case means that the railway company's selection list in 1902 withdrew the land in controversy from homestead settlement, and, inasmuch as the list was approved and patent issued for the land so selected, the right of the railway company dates from the time of the original filing, and the land was not open to homestead settlement on September 25, 1906, when the appellants entered into possession of the same.

[6] The appellants rely upon Act Cong. March 3, 1909, 35 Stat. 844 (Comp. St. § 4665), and Act June 22, 1910, 36 Stat. 583 (Comp. St. §§ 4666–4668), and contend that under those statutes they are entitled to make a homestead entry of the surface. But the appellants cannot avail themselves of those statutes. It is made an essential prerequisite to relief thereunder that the homestead settlement of the homestead claimant must have been made in good faith. The good faith of the appellants is denied by their own allegations. They have alleged in

their complaint that the lands ever since the year 1900 have been coal lands and openly and notoriously known to be such.

We find no error.

The judgment is affirmed.