# Yeager's Appeal.

A bill or petition of review is in the nature of a new suit, founded on substantial error of law appearing on the record of a former case, or on newly-discovered evidence; and it is never allowed to stand on strict law and against equity.

A petition of review in the Orphans' Court, under the Act 13th October 1840, must set forth specifically the errors complained of.

The original decree is to be deemed correct, except in so far as errors are specially and particularly pointed out and proved.

A decree settling an account decides every item of it, and fixes the balance.

The office of a bill of review, in such a case, is to surcharge and falsify; in order to be entertained at all, it must specify erroneous items affecting the final result, and must support its averments by evidence; and then the settlement may be opened for the correction of the errors specified.

If the settlement or decree have been obtained by fraud, and the bill of review go on that ground, if the fraud be proven, the whole account may be opened for further hearing.

A guardian's final account must include all the items embraced in former partial accounts. It is irregular to start the final account with the balance of a former partial account. But this is not such a substantial error as will justify a petition of review.

[Yeager's Appeal.]

A guardian is required to exhibit a partial account, at least once in every three years, for the information of the court. But such partial accounts are not to pass through the register's office; nor are they the subjects of settlement and confirmation. They may bind the guardian, but can have no such effect upon the ward. READ, J.

APPEAL from the Orphans' Court of *Mercer county*.

This was an appeal by Sarah E. Yeager, from the decree of the court below dismissing her petition for a review of the accounts of Clarissa Amberson, her guardian.

On the 27th July 1840, Clarissa Amberson was appointed the guardian of the appellant, then a minor under the age of fourteen years. On the 21st March 1844, the guardian filed a partial account, charging herself with $414.69, received for the use of the ward, and claiming credit for the same amount expended; which was confirmed the same day. On the 30th June 1849, she filed a second partial account, resulting in a balance due the guardian of $104.18; which was confirmed on the same day.

On the 5th April 1853, the guardian filed a final account, charging herself with the sum of $737.01, and claiming credit for $990.85, including the balance of $104.18 in the second partial account. This was confirmed on the 10th August 1853.

On the 14th June 1858, the ward filed this petition of review, setting forth that the credit of $414.69 claimed and allowed in the first partial account was believed by her to be erroneous; but that she was unable specifically to set forth the errors contained therein, by reason of the same not being on file in the register's office. That the credits claimed in the second partial account were erroneous, "there being no evidence on the face of the account, nor in the pretended vouchers, to show that said sums of money were expended for the benefit of said minor." That the credits claimed in the final account were also erroneous. That no doubt a portion of the amounts claimed as credits on the final account were proper, but the items not having been set forth, and no vouchers being on file, she had no mode of obtaining justice without assigning the whole of each and every credit as erroneous. That she was ignorant, until May last past, that the account exhibited a balance against her, being under the belief that all matters between herself and guardian were thereby settled and squared up, by reason whereof she did not except to the final account. She therefore prayed that the confirmation of the said account might be reviewed, and for a re-statement of the account.

The guardian filed her answer to this petition, setting forth that she had been blind for several years before the filing of her account; that the petitioner knew of the contents of the account, heard it read over by the register at the time it was passed, and heard the affidavit read, and the oath administered. That the

petitioner knew all about the items, payments, and expenses on her behalf; that she had a better opportunity of knowing the same than the respondent, because she was intrusted almost solely with the care and keeping of the accounts and receipts. That the petitioner, in her own handwriting, kept the only account respondent had of many of the items entering into the said accounts; also, she received for respondent, and read to her, the other bills and papers not so kept in her handwriting. That the petitioner knew all about the final account, was aware that it exhibited a balance against her, and for upwards of five years thereafter expressed no dissatisfaction therewith.

The case came on for hearing on bill and answer, when the following decree was made by McCalmont, P. J.—

" The act authorizing a review within five years, requires that the errors should be specifically set forth. We think there is no error sufficiently specific in the petition, except as to the item of two dollars, being a mistake in the footing up of the second partial account. As to that, it is ordered that the account be corrected; and as to the residue, it is ordered that the petition be dismissed."

From this decree the present appeal was taken by the petitioner, who here assigned the same for error.

*B. F. Baskin*, for the appellant, cited 1 *Penn. R.* 282; 8 *Barr* 431, 458; 5 *Binn.* 8; 9 *Leg. Int.* 31.

*Griffith* and *Trunkey*, for the appellee, cited Riddle's Estate, 7 *Harris* 431.

The opinion of the court was delivered by

Lowrie, C. J.—This is a petition for a review of a guardian's account. It was heard below on the petition, answer and evidence, and was dismissed, and hence the appeal here.

In testing the correctness of the decree of dismissal, we must bear in mind, that a bill or petition of review is in the nature of a new suit, founded on substantial error of law, appearing on the record of a former case, or on newly-discovered evidence; and it is never allowed to stand on strict law and against equity: 7 *Harris* 433; 2 *Casey* 471; 8 *Id.* 324.

It was quite irregular to start the final account with the balance of a former partial account; for the Orphans' Court Act of 1832, § 10, requires that the final account shall include all the items embraced in each partial account. But this is a formal, and not a substantial error; and is not of such a nature as to justify a petition of review.

It is made, by the Act of October 13th 1840, § 1, an essential form of this proceeding, that the " errors shall be specifically set

forth in the petition." But here we have no specification, except of the plaintiff's ignorance. She has some vague notion that there must be error somewhere or everywhere; but she avers none in particular, and does not furnish us with a word of evidence. Yet the answer is a full denial of all error. It avers, moreover, that the guardian is the aunt of the petitioner; that she was blind several years before filing the account, and is yet; that the petitioner kept the most of the accounts between the parties; knew all the items particularly, aided in making up the whole of the final account, and was present when it was examined and passed by the register; and that she was then of full age, and was satisfied with the settlement. There is some evidence in support of this answer, but none in support of the petition. Our paper-books do not contain even the final account, that we may learn what defects are apparent on its face.

The form and principles of a review in the Orphans' Court depend greatly upon the matter to be reviewed. Of course, the general principle is, that a decree must be regarded as right, except in so far as errors are specially and particularly pointed out and proved. A decree settling an account, decides every item of it, and fixes the balance. The office of a bill of review in such a case, is to surcharge and falsify; and in order to be entertained at all, it must specify erroneous items affecting the final result, and must support its averments by evidence; and then the settlement may be opened for the correction of the errors specified. If the settlement or decree has been obtained by fraud, and the bill of review goes on this ground, and the fraud is proved, the whole account may be opened for further hearing: *Story's Eq. Pl.* §§ 800–2; 2 *Dan. Ch. Pr.* 764–6; *Brightly's Eq.* §§ 145–7.

This petition avers no fraud, specifies no error in any item, no false charge, no omission of credit, and there is no evidence of any substantial error, and of course we must affirm the decree dismissing it.

> The decree of the Orphans' Court, dismissing the petition, is affirmed, and it is ordered and decreed that the petitioner pay the costs.

READ, J.—It is not my intention to dissent from the action of the court in this case, although I do not entirely agree with it. But there are such grave errors in the mode of settling the accounts of the guardian, that I think it an imperative duty specifically to point them out, in order that they may be avoided hereafter in all similar cases.

By the paper-books of the appellant and of the appellee, it appears that the guardian, during the minority of her ward, filed a first partial account in the register's office, which was certified

[Yeager's Appeal.]

into the Orphans' Court, and there confirmed, the balance of which was carried into a second partial account, which took the same course. Upon the ward attaining her majority, the guardian filed what she called a final account in the register's office, commencing with the balance of the second account; which was confirmed by the Orphans' Court.

It will be observed, that the directions of the Act of 1832 were violated in the most important particulars, and in a way to deceive and mislead any ward, by not presenting in one view the whole account of the management of her estate, and by filing partial accounts, which apparently had the legal sanction of a competent tribunal as to their correctness. This act, which was carefully prepared by the revisers, in order to protect the interests of minors, expressly requires that the guardian shall, at least once in every three years, render an account of the management of the minor's property under his care, which shall be filed in the office of the clerk of the Orphans' Court, for the information of the court and the inspection of all parties concerned. These partial accounts, as they have been called in this proceeding, are not for settlement and confirmation, nor are they to pass through the register's office. They may bind the guardian, but they can have no such effect upon the ward. On the arrival of the ward at full age, the guardian is required to settle in the register's office a full and complete account of her management of the minor's property under her care, including all the items embraced in each partial settlement, and the decree of the Orphans' Court is made upon this final account alone.

It is necessary, for the protection of those whom the law regards as unable to manage their own property, that every requisition of this most salutary act should be strictly complied with. It is to be hoped that such an erroneous settlement may not be presented to this court again.