# Levystein. Bros v. O'Brien *et al.*

### *Bill in Equity to enjoin Enforcement of a Judgment.*

1. *Judgment against an infant, without appointment of guardian erroneous, but not void and open to collateral attack.*—A judgment at law against an infant, who was duly and properly served with process, but for whom no guardian *ad litem* was appointed, while irregular and erroneous and would be so declared upon appeal, is not void and is not open to impeachment upon collateral attack.

2. *Same; when equity will not restrain collection of such judgment.*—A court of chancery has no jurisdiction to enjoin a judgment at law for irregularities attending on, and errors committed by the court in, the rendition thereof, unless such irregularities and errors were of such a character as to render the judgment void; and a bill in equity which seeks to restrain the enforcement of a judgment at law against an infant, merely because no guardian *ad litem* was appointed to defend for such infant, is without equity and properly dismissed.

Appeal from City Court of Montgomery, in Equity.

Heard before the Hon. Thomas M. Arrington.

The bill in this cause was filed on September 12, 1894, by the heirs—mother, sister and brothers—of Archie O'Brien, Jr., deceased, against Levystein Bros., and avers the following facts: That about the 28th of April, 1894, Levystein Bros. obtained a judgment against the said Archie O'Brien, Jr., in a justice of the peace court of Montgomery county, upon which an execution was duly issued and levied upon the interest of said Archie in certain real estate in the city of Montgomery, and on motion of plaintiffs therein, in the circuit court of said county, to which these papers were transmitted, an order was made for the sale of said property so levied upon. After this, and before the sale, the said Archie O'Brien died. At the time said judgment was rendered in the justice court, and at the time of his death, the said Archie was a minor. No guardian *ad litem* was appointed to act for him, and no notice given to his regularly appointed guardian; and complainants averred in their bill that for failure to appoint such guardian *ad litem*, the judgment is void. It is not denied in said bill that the said Archie had due notice of said proceedings, nor is it

[Levystein Bros. v. O'Brien *et al.*]

averred that any plea of infancy was interposed to any of said proceedings. It is not denied, that the debt for which said judgment was rendered, was valid and binding upon said Archie, nor one on which he should, in equity and good conscience, pay; neither is it averred, that the said Archie, or the complainants in said bill, could prove a valid defense to said action. The only averment upon this question is, "that if suit were properly and legally brought on said claim against him, there is a full and legal defense thereto." There is no offer in said bill to pay the said Levystein Bros. any amount that might be found due them. The prayer is, that said judgment be declared void, and the collection thereof perpetually enjoined.

To this bill respondents interposed several grounds of demurrer, and also moved to dismiss same for want of equity. The chancellor overruled the demurrers and the motion to dismiss the bill for the want of equity; and from said decree the present appeal is prosecuted, and the same is here assigned as error.

FARNHAM, CRUM & WEIL, for appellants.—1. When a cause of action exists against an infant, the suit must be brought against him in his proper person.—1 Black on Judgments, § 196; *Trawick v. Trawick,* 67 Ala. 271. It has been too well settled to be further considered here, that an infant's contracts are not void, unless they are manifestly for his hurt; but on the contrary, if caused by his necessities, they are valid and binding.—*Philpot v. Bingham,* 55 Ala. 435. Infancy, then, is a personal privilege; and the defense upon this ground, can only be taken advantage of by the infant himself, or his personal representative, and must be specially pleaded.—*Shropshire v. Burns,* 46 Ala. 108; *Sharp v. Robertson,* 76 Ala. 343; *Hutton v. Williams,* 60 Ala. 107; Code of 1886, Form 39, p. 797; 1 Black on Judgments, § 196.

2. And in proceedings by infants to set aside judgments against them, and to enjoin their enforcement, we are governed by the same rules as in the cases of adults.—12 Amer. & Eng. Encyc. of Law, 147 a; *Ralston v. Lahee,* 73 Amer. Dec. 291; *Joyce v. McAvoy,* 89 Amer. Dec. 190, note; 1 Freeman on Judgments, § 151.

3. A judgment rendered against an infant, even in a suit for the sale of his land, may be erroneous and void-

[Levystein Bros. v. O'Brien *et al.*]

able if the court has neglected to appoint a guardian *ad litem* for him, but according to the weight of authority, it is not void. Such appointment can only be made after jurisdiction has been acquired, and then the failure to appoint does not oust the jurisdiction, but is simply an error to be corrected by proceedings in error.—*Joyce v. McAvoy*, 89 Amer. Dec. 190, note 2 ; *Cook v. Rogers*, 64 Ala. 406 ; *Milne v. Van Buskirk*, 9 Iowa, 558 ; *Drake v. Hanshaw*, 47 Iowa, 292 ; Brown on Jurisdiction, 10, note 1.

4. The bill in this case was without equity. The court of chancery had no jurisdiction to restrain the enforcement of the judgment.—*Chastain v. Armstrong*, 85 Ala. 215 ; *Headley v. Bell*, 84 Ala. 346 ; *Nat. Fertilizer Co. v. Hinson*, 103 Ala. 532 ; *Secor v. Woodward*, 8 Ala. 500 ; Black on Judgments, §§ 193, 394.

E. P. MORRISETT, *contra.*—1. The judgment against the minor in this case, entered in a suit in which he was not represented by a guardian, was void. Section 2579 of the Code is mandatory "that infants must be defended by a guardian of the appointment of the court ;" and this provision being one for the protection of infants, the disregard of it was erroneous, and the judgment void.—*Daily's Admr. v. Reid*, 74 Ala. 417.

2. The chancery court has jurisdiction. The bill avers that under a judgment against a minor, without notice to his guardian, appellees were proceeding to sell the lands of infants who succeded to his estate. Even if there has been any remedy at law the infant complainants had the right to invoke the original equity jurisdiction for their protection, and chancery having thus acquired jurisdiction would proceed to adjudicate the whole matter and settle the equities of all parties.—*Scruggs v. Driver*, 31 Ala. 291 ; *Stewart v. Stewart*, 31 Ala. 207 ; *Rivers v. Durr*, 46 Ala. 418 ; 2 Story's Eq. Jur., § 1353.

McCLELLAN, J.—In action against infants, service of summons must be had upon the defendant, as upon defendants who are *sui juris*; and such service is as efficacious in the former as in the latter case to give the court jurisdiction of the cause. Having thus acquired jurisdiction of the person of an infant defendant, it is the court's duty to appoint a guardian *ad litem* to make defense for him ; but a

failure to discharge this duty does not oust the court's jurisdiction, which has already attached; but, to the contrary, if the case proceeds to judgment against the infant without such appointment, whether upon issue joined and trial had or upon the default of the defendant, such judgment though irregular and erroneous, and to be so declared upon appeal, is not void, and is, therefore, not open to impeachment upon collateral attack.—1 Freeman on Judgments, § 151; 2 Ib. § 487; 10 Am. & Eng. Encyc. of Law, pp. 692-697; Brown on Jurisdiction, p 113; *Drake v. Hanshaw*, 47 Iowa, 292; *Joyce v. McAvoy*, 31 Cal. 273; s. c. 89 Am. Dec. 172, and notes pp. 185 *et seq.*; *Simmons v. McKay*, 5 Bush.(Ky.) 25. This doctrine has been recognized by this court in the analogous case of a lunatic defendant.—*Walker v. Clay*, 21 Ala. 797, 807. And there is, we take it, nothing in the suggestion that, because of the mandatory terms of section 2579 of the Code, a judgment against an infant without the appointment of a guardian *ad litem* is not merely erroneous and irregular but void. This section is equally mandatory in respect of suits *by* infants—they "*must* sue by next friend," yet it would scarcely be insisted that a judgment at the suit of an infant· in his own name against one *sui juris* would be void. The succeeding section—2580—is equally mandatory in form in respect of lunatics, but, as we have seen, judgments against lunatics are not void though this mandate has been disregarded. And a reference to the authorities cited above shows that under equally mandatory statutes in other States, the ruling has been that a failure to appoint a guardian to defend for the infant is, at most, reversible error and not matter for impeachment of the judgment except upon direct assault.

In chancery, infant defendants can only be brought in by service upon their parents or either of them, if in life, or upon their general guardian, in case the parents are dead; provided such parents or guardian are not adversely interested, and in this latter case, or if there be no parent or guardian, then upon the infant personally if over fourteen years of age, &c. &c.—Code, p. 814, R. 23. Hence, what is said in *Daily's Admr. v. Reid*, 74 Ala. 415, 417, as to the invalidity of a decree *pro confesso* against an infant has no application to a judgment at law on personal service against an infant defendant, especially in

view of the doctrine there announced that the chancery
court "is the guardian of all infant litigants before it,
and will permit no such irregularity and error [as the
taking of a decree *pro confesso* against an infant]. to pass
unredressed." Nor was it intended by this language of
the court in that case, as counsel insist, to convey the
idea that the substantive rights of an infant stood upon
a plane different from and higher than the rights of per-
sons *sui juris*, or were to be adjudged by a different
standard, but only that the court would so far act as his
guardian as to see to it that his abstract rights were
properly presented to and represented before the forum
of conscience, but this is not to say that a court of equity,
any more than a common law court, when the claim of
the infant is fully presented, would grant any other re-
lief on the merits thereof than an adult litigant would
be entitled to on the same facts. It is, therefore, quite
an error to suppose that chancery will enjoin a judg-
ment at law against an infant which is not void and
merely irregular and erroneous on the theory that it is
the guardian of all infant litigants, when it is without
competency to enjoin such a judgment against a person
of full age. The well settled law is that chancery has
no jurisdiction to enjoin any judgment at law for irregu-
larities attending, and errors committed by the court in,
the rendition thereof, unless such irregularities or errors
were of a character to avoid the judgment *ipso facto;* a
merely erroneous and irregular judgment whether
against infants or adults will not be enjoined; a void
judgment against either will be. We have seen that
the judgment sought to be enjoined here was of the for-
mer class ; it was irregular and erroneous but not void.
This appears by the bill. And this is the only ground
upon which relief by injunction is sought : no surprise,
accident, mistake or fraud is alleged. The bill was,
therefore, without equity. The court erred in overruling
the motion to dimiss for want of equity, and also in
overruling those assignments of demurrer which went
to the point we have been considering.—2 Freeman on
Judgments, §§ 489, 513 ; 10 Am. & Eng. Encyc. of Law,
pp. 889, *et seq.* ; 12 *Ib*. p. 147*a* ; *Collier & Wife v. Falk*,
66 Ala. 223, 228 ; *Murphree v. Bishop*, 79 Ala. 404 ; *Pres-
ton v. Dunn*, 25 Ala. 507.

It may also be that even had this judgment been void,

complainant's remedy against it was not by bill for injunction, though as, if void, it is not so upon its face, we have proceeded upon assumption that equity would enjoin it had it been not merely irregular but wholly invalid.

The decree of the city court must be reversed; and a decree will here be entered sustaining the demurrer, and the motion to dismiss the bill for want of equity, and dismissing the same.

Reversed and remanded.

