# Crowder *v.* Doe, *ex dem.* Arnett.

### *Ejectment.*

(Decided June 3, 1915. 68 South. 1005.)

1. *Infants; Sale; Guardian Ad Litem.*—Where the action was eject-ment, and the defendant claimed through an administrator's sale, and the plaintiff claimed by inheritance, setting up that a guardian ad litem had not been properly appointed for him in the proceedings for such sale in that notice was not served before the appointment, and that therefore the sale was void, it was competent for the de-fendant to prove notice of the appointment of a guardian ad litem served on the mother of such minor. (Considering sections 3622-3 and 2631, Code 1907.)

2. *Executors and Administrators; Evidence; Title.*—Where the ac-tion was ejectment and the defendant claimed under an administra-tor's sale, it was error to refuse to permit him to prove that depo-sitions were taken to show that the sale would be to the benefit of the minor under section 2631, Code 1907.

3. *Same.*—Where defendant claimed through an administrator's sale and plaintiff claimed by inheritance from the common source of title, it was error to refuse to permit proof of the order of sale, the confirmation thereof, and the deed to the purchaser.

4. *Same; Collateral Attack.*—An order of sale by a probate court based upon a petition sufficient to confer jurisdiction on said court is not subject to collateral attack on the grounds that the proceed-ings were irregular merely, in ejectment involving such title.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by John Doe on the demise of Sam Arnett against Richard Roe with notice to R. L. Crowder. From a judgment for plaintiff defendant appeals. Re-versed and remanded.

FRANK S. ANDRESS, for appellant.

R. D. COFFMAN, for appellee.

MAYFIELD, J.—The action was ejectment, by ap-pellee against appellant. Both parties claimed title

through one William Arnett. Plaintiff claimed by inheritance, and the defendant, through a sale and conveyance by the administrator of the estate of William Arnett, made for the purpose of distribution among the heirs of the intestate, under Code, § 2621 et seq. The sale in the probate court through which defendant claims title was had during the year, 1888. The plaintiff, one of the heirs of William Arnett, was then an infant about a year or two of age. The trial court evidently acted upon the theory that the proceedings to sell the lands were void as to the plaintiff, because no proper notice was given him or his guardian, before the appointment of the guardian ad litem, or that the appointment of the guardian ad litem was void because of lack of notice to, or service upon, the infant or the guardian, before the appointment of the guardian ad litem.

(1)   The statutes which provide for sales like the one in question, so far as material to the decision of this case, are as follows: "The application for the sale of lands, either for payment of debts or for division, must be made by the executor or administrator in writing, verified by affidavit, to the probate court having jurisdiction of the estate, must give the names of the heirs or devisees, and their places of residence, and must also state whether any, and which of such heirs or devisees, are under the age of twenty-one years, and of unsound mind; and such application may be contested by any party interested in the estate."—Code, § 2622.

"The court must appoint a day, not less than thirty days from the time of making such application, for the hearing thereof, and must appoint a proper person, not a petitioner or of kin to a petitioner, as guardian

ad litem, to represent the minors or persons of unsound mind, if any there be, and must issue a citation to the heirs or devisees of full age, and residing in this state, notifying them of the application, and the day appointed for hearing the same, which must be served on them ten days before the day appointed for the hearing."—Code, § 2623.

"No order for the sale of land belonging to any estate, whether for the payment of debts, or for division, must be made, when there are minors or persons of unsound mind or unknown parties interested in such estate, unless the probate court has taken evidence by deposition as in chancery proceedings, showing the necessity of such sale; and such evidence must be taken, whether the allegations of the petition are denied or not by the guardian appointed by the court to represent the minors or persons of unsound mind or unknown parties; and any order of sale and sale, made without a compliance with the requisitions of this section, shall be wholly void."—Code, § 2631.

The petition of the administratrix to sell the lands was in part as follows: "The petition of Millie Arnett shows unto your honor the following facts, viz.: That Wm. J. Arnett departed this life intestate, leaving your petitioner, his widow, and J. W. Arnett, his son, and the following grandchildren, viz., Willie P. Arnett and Samuel M. Arnett. These grandchildren were children of Samuel M. Arnett, deceased, who was a son of the said Wm. J. Arnett, deceased, these two grandchildren are under the age of 14 years, and both reside with their mother, Sarah J. Arnett, in said county of Jefferson. The said J. W. Arnett, who is over 21 years of age, resides in said county of Jefferson; and the said grandchildren are the only heirs of the said Wm. J. Arnett, deceased."

[Crowder v. Doe, ex dem. Arnett.]

The prayer thereof was, in part, as follows: "The premises considered, your petitioner prays that a day may be set for the hearing of this, her petition, according to law, and that a suitable person be appointed as guardian ad litem to represent and protect the interest of the said minor heirs of said Wm. J. Arnett, and that a citation be issued to said heirs notifying them of the filing of this application and the day set to hear the same, and that all other and further orders may be taken necessary to bring said heirs before the court according to law, and that upon the hearing of this application that an order and decree may be made and entered of record authorizing and requiring your petitioner to sell said lands for division amongst the said heirs of the said Wm. J. Arnett, and to effect this object according to law, that all orders may be had and taken which may be deemed necessary to effect a legal sale of said land according to law.        Millie Arnett.

Sworn to and subscribed before me, this 6th day of August, 1887.

"James S. Vivens,                   Justice of the Peace."

The petition or application was in all other respects regular and in accordance with the statute. The probate court assumed jurisdiction and, acting thereunder, appointed a guardian ad litem, who appeared and defended. Depositions were taken under section 2631 of the Code; the sale was ordered, and made; and a deed was executed by the administratrix to the purchaser. A chain of deeds is shown from this purchaser to the defendant, appellant here. For aught appearing from this record, the legal title to the land in question passed by these proceedings in court and the deeds referred to, from William Arnett to this defendant.

We are furnished with no brief on behalf of the appellee, but it seems that the trial court proceeded upon

the theory that the appointment of the guardian ad litem before notice given to the minors, and the irregular manner in which the depositions were taken under section 2631 of the Code, rendered void the proceedings to sell the lands, and that no title passed. If this was the theory of the court, it was error, and we can find no theory or facts, which justify the ruling of the trial court in declining to allow the defendant to prove notice served on the mother of the minors, who was their natural guardian, and upon whom the statutes and the rules of practice require the notice to be served, when the infants are of tender years, as in this case.—Rule 20, p. 1533, Code (vol. 2) ; 3. Mayf. Dig. p. 1040.

(2, 3) There was likewise error in declining to allow the defendant to prove that depositions were taken under section 2631, to show that the sale would be to the interest of the minors. It was likewise error to decline to allow proof of the order of sale, of the confirmation of the sale, and of the deeds to the purchasers.

(4) The petition or application in this case was suficient to confer jurisdiction on the probate court, to sell the land; and it did proceed to sell, and ordered the title conveyed; and unless the proceedings were void the title thereby passed. We find nothing in the record to show that the proceedings, the order of sale, the sale, or the deed, was absolutely void. At most, the proceedings was only irregular and erroneous, which infirmity could and should have been corrected on appeal or by some other direct attack. It cannot be assailed and declared void, on a collateral attack like this, because of any irregularity or error such as appears in this record. This has been so frequently decided by this court that it seems useless to quote or cite opinions

or decisions. This court has even gone to the length of holding that a failure to give notice to some of the heirs would not render the proceedings void as to such heirs on collateral attack. The writer for a long time, and frequently, protested against the correctness of this holding; but the court has uniformly held to it, and it is now too late to depart therefrom. See *Pettus v. McClannahan*, 52 Ala. 55; *Satcher v. Satcher*, 41 Ala. 39, 91 Am. Dec. 498; *Field v. Goldsby*, 28 Ala 218, 65 Am. Dec. 341; *Wyatt v. Rambo*, 29 Ala. 510, 68 Am. Dec. 89; *Hammer v. Mason*, 24 Ala. 480.

In the case of *Friedman & Loveman v. Shamblin*, 117, Ala. 466, 23 South. 824, it is said: "If a judgment or decree is not void for want of jurisdiction, and its invalidity is not apparent on its face; neither the court rendering it, at a term subsequent to its rendition, nor any other court, in the absence of fraud except an appellate court on a direct appeal, has the power to vacate and annul it. When the validity of an order for the sale of a decedent's land is attacked, whether by a bill in chancery to annul it, or by a petition in the court rendering the decree, at a subsequent term, to vacate it, the primary inquiry it: Had the probate court jurisdiction to render the decree for the sale? If it had such jurisdiction, no mere irregularities in the subsequent proceedings will avail to invalidate the decree and sale thereunder, except upon a direct appeal, or a proceeding in the court rendering the decree instituted before the expiration of the term at which it was rendered.—*Pettus v. McClannahan*, 52 Ala. 57; *Stevenson v. Murray*, 87 Ala. 442 (6 South. 301) ; *Satcher v. Satcher*, 41 Ala. 26 (91 Am. Dec. 498) ; *Lightfoot v. Lewis*, 1 Ala. 479. And by 'jurisdiction' is here meant of the thing, and not of the persons owning the thing. The

doctrine established by the early decisions of this court, and adhered to because it has long been a rule of property, is that a proceeding before the probate court for the sale of lands of a decedent is in rem, and not in personam; that the jurisdiction of the court attaches upon a petition setting forth a statutory ground of sale, and does not depend on the giving of notice to the heirs; and that the order of sale is not void, although the proceedings abound in errors, if the petition contain the necessary jurisdictional allegations.— *Satcher v. Satcher, supra; Lyons v. Hammer,* 84 Ala. 198 (4 South. 26, 5 Am. St. Rep. 363); *Moore v. Cottingham,* 113 Ala. 162 (20 South. 994, 59 Am. St. Rep. 100), and cases cited. When jurisdiction is shown, the same presumptions in favor of the correctness of the subsequent proceedings are indulged as in proceedings of a court of general and unlimited jurisdiction."

It was decided in the case of *Pettus v. McClannahan, supra,* that while the statute required depositions to be taken, as in chancery cases, to show the necessity of the sale, when infants or persons of unsound mind are interested, yet if the court acquires jurisdiction and the record recites that the court so ascertained the necessity by the depositions of disinterested witnesses, taken as in chancery cases, errors or irregularities as to the taking of such depositions will not render the proceeding void on collateral attack.

It has also been held that the statutes require the appointment of guardians ad litem for infants who are interested in the sale of land, in proceedings like the one in question, and that a failure to appoint, or the appointment before or without service on the infants as required by the statutes and the rules of the court, is erroneous and will work a reversal on appeal; but such

[Martin v. Howard.]

defects do not render void the whole proceeding to sell, or the sale, on a collateral attack.—*Levystein v. O'Brien,* 106 Ala. 352, 17 South. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56, and authorities cited.

It follows that the trial court erred in declining to allow the defendant to make the proof of the order of sale, of the depositions of the witnesses, of the order of confirmation, and of the deed of the administratrix in pursuance of the order.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.