(101 So. 653)

### BELL et al. v. BANNISTER et al.
### (7, Div. 477.)

(Supreme Court of Alabama. Oct. 23, 1924.)

Infants ☞112—Judgment against infant without guardian is erroneous but not void.

Judgment against infants brought within jurisdiction by proper service of process is not void and subject to collateral attack for want of general guardian or guardian ad litem to represent and protect their interests, but is subject to reversal on appeal, though their mother answered for them; Code 1907, § 2476, expressly requiring defense by guardian ad litem.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Action in ejectment by Cecil Bell and others against J. C. Bannister and others. From a judgment granting defendants' motion to set aside the verdict and judgment rendered for plaintiffs, and grant a new trial, plaintiffs appeal. Affirmed.

─────────────────

J. R. Beavers, of Birmingham, and L. H. Ellis, of Columbiana, for appellants.

A judgment against an infant defendant without the appointment of a guardian ad litem, while erroneous and subject to be set aside, is not void. 22 Cyc. 641; Levystein v. O'Brien, 106 Ala. 352, 17 So. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56.

Longshore, Koenig & Longshore, of Columbiana, for appellees.

An infant defendant, having no guardian, must be defended by a guardian appointed by the court. Code 1907, § 2476; Rowland v. Jones, 62 Ala. 322; McCall v. McCurdy, 69 Ala. 74; Woods v. Montevallo C. & T. Co., 107 Ala. 365, 18 So. 108; Shehane v. Caraway, 154 Ala. 391, 45 So. 469; Conway v. Clark, 177 Ala. 99, 58 So. 441; Griffith v. Ventress, 91 Ala. 366, 8 So. 312, 11 L. R. A. 193, 24 Am. St. Rep. 918; Rhett v. Mastin, 43 Ala. 86; Darrington v. Boreland, 3 Port. 9. Representation by a parent is not sufficient. Johnson v. Waterhouse, 152 Mass. 585, 26 N. E. 234, 11 L. R. A. 440, 23 Am. St. Rep. 858; McPherson on Infants, 353.

BOULDIN, J. The suit is statutory ejectment. Some of the defendants are infants. They have no general guardian. No guardian ad litem was appointed to represent them on the trial. The issues involved their title to the land sued for.

A judgment against infants brought within the jurisdiction of the court by proper service of process is not void and subject to collateral attack for want of a general guardian or guardian ad litem to represent and protect their interests; but such judgment is erroneous and subject to reversal on appeal.

[2] The fact that their mother was a codefendant, entered a plea of not guilty for them, set up their title, and probably produced all the evidence which a guardian could have produced, will not suffice. They "must be defended by a guardian of the appointment of the court." Such is the plain mandate of the law. Code 1907, § 2476; Id., § 4482; Levystein Bros. v. O'Brien, 106 Ala. 352, 17 So. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56; Conway v. Clark, 177 Ala. 99, 58 So. 441; Crowder v. Arnett, 193 Ala. 470, 68 So. 1005; Hamilton v. Tolley, 209 Ala. 533, 96 So. 584; Griffith v. Ventress, 91 Ala. 366, 8 So. 312, 11 L. R. A. 193, 24 Am. St. Rep. 918.

For this error the court below properly granted the motion for a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.