153 So. 214

### JONES v. HENDERSON et al.

#### 6 Div. 390.

Supreme Court of Alabama.

Jan. 11, 1934.

Rehearing Denied March 15, 1934.

274

Walter H. Anderson and Edgar Allen, both of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellees.

FOSTER, Justice.

To sustain a bill to vacate the decree of a court of competent jurisdiction for fraud, the bill must allege the facts showing that the fraud was in the concoction or procurement of the decree. This has been held to include false and fraudulent statements in the petition, which were necessary to invoke the power or jurisdiction of the court to render the decree under attack. Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Kelen v. Brewer, 221 Ala. 445, 129 So. 23; Tolley v. Hamilton, 206 Ala. 634, 91 So. 610; McGathey v. Thompson, 224 Ala. 163, 138 So. 841; Hardeman v. Donaghey, 170 Ala. 362, 54 So. 172; Noble v. Moses, 74 Ala. 604, 616.

The bill in the instant case does not allege fraud in or about the procurement of the decree, either by fraudulent and false averment in the bill necessary to give the court jurisdiction nor in respect to matters occurring after its filing and leading up to the rendition of the decree. The bill shows that the complainants in the original suit did have a leasehold interest such as would give the court jurisdiction to decree the relief sought, and it does not allege that any false and fraudulent representations were made in that bill which related to such interest of those complainants.

The fact that they have colluded with the mother of the minors whereby she executed the lease to give them the equitable right to file such a bill does not show fraud in procuring the decree by falsely alleging jurisdictional facts. The facts so alleged are not controverted now. The mother of these complainants might have filed the suit to annul the deed because it created an alleged perpetuity as well and with as much equitable right as her grantees, who were the complainants. Such collusion in no respect affected the rights of these complainants, unless there was fraud used in the concoction of the decree. No such fraud is alleged.

The bill also seeks to vacate the decree because it is alleged that there was no legal service on complainants who were minors, and because it alleges that no guardian ad litem was appointed for two of the four minors, all of whom are complainants here.

If minors are represented by a guardian ad litem appointed by the court, the failure to serve notice on them is a reversible error, but that does not render the decree otherwise subject to attack. Hubbard v. Vredenburgh Sawmill Co., 226 Ala. 54, 145 So. 320; Alexander v. Alexander, 227 Ala. 322, 150 So. 142.

The bill alleges that an answer was filed for all the complainants by George Lewis Bailes as their guardian ad litem. In it he denied all the material allegations of the bill. It does not allege that the guardian ad litem participated in any fraud, or that his appointment was collusive or that he was not the person duly designated for Jefferson county to act as guardian ad litem for all minors in judicial proceedings where such guardian is needed. Gen. Acts 1915, p. 260.

It is immaterial upon the question of the validity of the decree in whose office his answer was prepared, and whether the record shows that he had notice of the taking of testimony unless fraud or its equivalent is alleged. Those matters are not alleged to be collusive and do not by themselves show fraud nor the invalidity of the proceedings.

In view of those facts, the allegation that the decree is void because no guardi-

an ad litem was appointed for two of the minors is insufficient averment of the invalidity of the decree even as to them. A decree against minors cannot be sustained on error unless a guardian ad litem has been appointed in the precise manner required by statute. Woods v. M. C. & T. Co., 107 Ala. 364, 18 So. 108; Rowland v. Jones, 62 Ala. 322. But the failure to appoint a guardian ad litem, or to have an answer filed by one as such for the minors, does not render the decree void and subject to be vacated by suit in a court of chancery, if the minors had notice as required by law. Levystein v. O'Brien, 106 Ala. 352, 17 So. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56; Bell v. Bannister, 212 Ala. 31, 101 So. 653; Hamilton v. Tolley, 209 Ala. 533, 96 So. 584; Crowder v. Doe ex dem. Arnett, 193 Ala. 470, 68 So. 1005; McCall v. McCurdy, 69 Ala. 65 (9).

■ It is alleged that the service of notice was ineffectual because it was served on the mother of the minors, and her interest was in direct conflict with that of the minors, and that the service therefore did not conform to rule 20, Chancery Practice.

Assuming that such attempted service is abortive and ineffectual, and amounts to the same as no service, we are remitted to the principle that though there is no service the representation of the minors by a guardian ad litem, appointed by the court, renders the proceeding immune from such an attack as this. Hubbard v. Vredenburgh Sawmill Co., supra; Hamilton v. Tolley, supra. So that the guardian ad litem must either be appointed by the court or be otherwise authorized pursuant to law.

■■ Under the Act of 1915, cited above, the guardian ad litem for Jefferson county is a public officer, appointed by the Governor, whose duties are prescribed by law. He is thus required to represent and defend the interests of minors in all courts of law and equity. His appearance in court in pursuance of that duty, and his denial of all the allegations of the bill, brings him before the court as the representative of their interests as effectually as though he had been affirmatively appointed by the court. Under that act there is no occasion to appoint a guardian ad litem, except when the interests of the minors are conflicting among themselves, if the general guardian ad litem appears and represents them. He, as an officer of the court, represents those selected by the court in event of conflicting interests, and it appoints another to represent those whose interests are opposed to the minors for whom he is directed to appear. There is no conflict of interest here alleged among the minors themselves.

■ In respect to the appointment of a guardian ad litem by the court, the bill alleges that the record shows no guardian ad litem appointed for two named minors. But there were four of them, and it does allege that George Lewis Bailes, as guardian ad litem, appeared and answered for them all. The note of testimony shows that he participated in the final submission. We take notice of the fact that he was the person designated by the Governor to serve as guardian ad litem for that county. Longshore v. State ex rel. Kroell, 200 Ala. 267, 76 So. 33. His appearance and representation of the minors pursuant to his legal duty was with as much authority as though the court formally appointed him. These facts therefore save the decree from invalidity on account of the failure of due service on the minors.

■ A bill to vacate a decree for fraud, or for want of service, or for other circumstance which renders it ineffectual, not merely erroneous, is in the nature of a bill of review, and leave to file it is not necessary. But when it seeks to review the decree for error apparent upon the face of the proceeding or for newly discovered evidence, it is a bill of review, and is controlled by the statute and other applicable rules. Graves v. Brittingham, 209 Ala. 147, 95 So. 542; McDonald v. Pearson, 114 Ala. 631 (8), 21 So. 534; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Snead v. Lee, 218 Ala. 44, 117 So. 469; McCall v. McCurdy, 69 Ala. 65; Cunningham v. Wood, 224 Ala. 288, 140 So. 351.

■ With respect to the nature of the error apparent upon the face of the decree, which will support a bill of review, this court has clearly expressed the rule as follows:

"The errors which will support a bill of review are errors of law apparent on the face of the decree. There must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings or decree.—Yeager's Appeal, 34 Pa. 173. Or, as it is expressed in 2 Dan. Ch. Pr. 1576, 'the decree complained of, must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged, or settled by decision, or be at variance with the forms and practice of the court.'—Whiting v. Bank of U. S., 13 Pet. 6, 10 L. Ed. 331; Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381; McDougald's Adm'r v. Dougherty, 39 Ala. 409;

P. & M. Bank v. Dundas, 10 Ala. 661; Tankersly v. Pettis, 61 Ala. 354. Though it is said, error apparent exists, when the decree is at variance with the forms and practice of the court, it must not be understood that the bill can be maintained because of matter of form, or that the propriety of the decree can be questioned.—Story's Eq. Pl. § 411; 2 Dan. Ch. 1577; Green v. Jenkins, supra [1 De G. F. & J. 454]; Haig v. Homan, 8 Clark & F. 320. Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties. Whatever of error other than this, which may have intervened —errors in the regularity of the proceedings, erroneous deductions from the evidence— must be corrected by writ of error, or by appeal; it is not the office of a bill of review to inquire into and correct them.—Finley v. Taylor, 8 Baxt. (Tenn.) 237; Berdanatti v. Sexton, 2 Tenn. Ch. 699; Winston v. Johnson's Ex'rs, 2 Munf. [Va.] 305." McCall v. McCurdy, supra.

One of the errors sought to be here reviewed is the alleged erroneous construction of the deed vacated by that decree, to the extent that it was held to create a perpetuity and was void for that reason.

The other contentions which we have here discussed are not matters which are of the sort proper for a bill of review, but to that extent it is said to be of that nature. But we have shown that they are insufficient to support relief as of that nature.

■ To the extent that it seeks to review the decree for its alleged erroneous construction of the deed, it contains the elements of a bill of review. Smyth v. Fitzsimmons, 97 Ala. 451, 12 So. 48; Taylor v. Crook, 136 Ala. 354 (9), 34 So. 905, 96 Am. St. Rep. 26; Morris v. Marshall, 185 Ala. 179, 64 So. 312; Snead v. Lee, supra; Stuart v. Strickland, 203 Ala. 502, 83 So. 600.

The fact that it brings before the court those who have acquired interests subsequent to the rendition of the decree does not deprive it of such designation, but merely adds the additional quality of a supplemental bill, making it both a bill of review and of supplement. McCall v. McCurdy, supra.

■ The bill here does not allege that complainants obtained leave of the court to file this bill. Section 6608, Code. As a bill of review for an error apparent in the decree annulling the deed in question, such leave must be had and alleged in the bill, and its absence is good ground of demurrer. Stuart

v. Strickland, supra. That ground was assigned in the demurrer, which was for that reason properly sustained.

■ A bill of review, properly so called, must state all the proceedings in the original cause except the evidence. This is said to include "the substance of the original bill— set out prayer verbatim—insert substance of answer—set forth decree." Goldsby v. Goldsby, 67 Ala. 560; 21 C. J. 740, 741. There was a ground of demurrer assigned as for a defect in the bill to that extent. The bill did not attempt to comply with such rule, and the demurrer was properly sustained on that ground.

■ The character of the bill is determined by its substantive averments and the relief sought. There is no reason why it may not at the same time be one to accomplish such relief as is not properly within the purview of a bill of review, and also to have that relief which may be granted only in a bill thus styled. When so, each aspect should be separately considered, if sought in the alternative in those aspects.

■ The bill here presented is not so set up. It seeks to vacate the decree of the chancery court, on grounds, some of which are not available in a bill of review, and some are so available. But since the bill is subject to demurrer in respect to all the grounds on which relief is sought, and it is not set up in separate aspects, it is defective as a whole, and the demurrer so addressed to it was properly sustained. But we cannot agree that the bill cannot be amended so as to give it equity. The court has jurisdiction to set aside the former decree for fraud in its procurement. Because it does not set up fraud in procuring the decree does not mean that such fraud may not be alleged in an amendment. And the fact that it does not allege that the court granted permission to file a bill of review, and does not sufficiently set forth the record of the suit sought to be reviewed does not mean that this cannot be done by amendment. We do not wish to express an opinion upon the question determined in the decree sought to be reviewed as to whether the deed created a perpetuity in violation of law, until such question is presented in a bill of review containing averments necessary to present it, after obtaining the consent required by statute, nor the rights of the parties which accrued upon the faith of that decree or subsequent to it. When a demurrer is sustained for the lack of averments which can be made to give it equity, complainants should be granted the

right to amend, unless it shows that it was rendered in open court in the presence of counsel for complainants, and that they then did not claim the right, or in the progress of a trial on a setting of the cause for hearing. The decree here effectually denied them the right. To this extent we think there was error in the decree. Ezzell v. First Nat. Bank, 218 Ala. 462, 119 So. 2.

Affirmed in so far as the demurrer was sustained, and reversed in so far as the bill was dismissed, and the cause is remanded.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.