189 So. 768

## MILLER v. MILLER.

### 5 Div. 292.

Supreme Court of Alabama.

May 18, 1939.

Rehearing Denied June 22, 1939.

Wilbanks & Wilbanks, of Dadeville, for appellant.

Pruet & Glass, of Ashland, for appellee.

FOSTER, Justice.

The bill in this case was filed by appellant and seeks to set aside a decree of divorce on the ground of fraud in its procurement.

The equity of it was sustained by this Court on former appeal—234 Ala. 453, 175 So. 284, 286—to the extent "that there was [alleged to have been] imposition upon the court in representing to the court testimony which in fact was not given by the witness" Gorman Lambert. This was predicated upon allegations in the bill that the decree of divorce was procured by fraud, in that one of the witnesses on whose testimony it was rendered did not appear before the commissioner and swear to his alleged testimony, but that he was handed a piece of paper and asked to sign it as evidence, and that it was said to be entirely different from what it purports to be, and that he signed without reading it and without knowing that it contained matter as it purports, corroborating the evidence given by complainant in that case.

An issue was made in the instant case as to such allegations concerning the evidence of that witness. In that case this complainant was served personally with notice as respondent and knew what it was for, but made no defense and a decree pro confesso was entered against her. A commissioner was appointed to take the testimony. If there was any irregularity in doing so, the decree is not now subject to be set aside by a bill of review on that account, Jones v. Henderson, 228 Ala. 273, 153 So. 214(14); 34 Corpus Juris 450, 451, section 707, and this Court in the former appeal did not hold otherwise.

Neither is it sufficient to show that the evidence on which the decree was rendered is false and perjured, and that the ground of divorce as alleged was not proven by credible evidence. 16 Corpus Juris 256, section 415; 21 Corpus Juris 778, note 72; Estes v. Timmons, 199 U.S. 391, 26 S.Ct. 85, 50 L.Ed. 241; United State v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. See Hogan v. Scott, 186 Ala. 310, at page 314, 65 So. 209, not overruled on that point in Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

But if, as alleged in the bill, pretended evidence was offered which purported to be given by a witness which he did not give and complainant procured a decree aided by it in which he participated, it is a fraud in procuring the decree and a court of equity, by bill in the nature of one of review, will set it aside, as was held on former appeal.

On the issue thus made the witness Gorman Lambert testified that he was in fact examined and testified as the commissioner certified. So also did the commissioner, the complainant and his attorney, and there was nothing to the contrary except the effort made by this complainant to impeach Gorman Lambert, who was her witness, by an affidavit, which he says he made but was drunk and did not understand its contents. The trial court found that the proof of fraud was not sufficient to sustain it, and denied relief. In this we concur.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.