25 So.2d 33

## HOOKE v. HOOKE.

### 5 Div. 407.

Supreme Court of Alabama.

Jan. 31, 1946.

Rehearing Denied March 7, 1946.

U. G. Jones, of Wetumpka, for appellee.

J. B. Atkinson, of Clanton, for appellant.

452

**LAWSON, Justice.**

This is an appeal from a decree of the Circuit Court of Elmore County, in Equity, overruling demurrers to a bill in equity.

On March 30, 1944, the appellant, Edward N. Hooke, secured a decree of divorce from his wife, Vivian Hooke, appellee, in the Circuit Court of Elmore County, Alabama, in Equity, on the ground of voluntary abandonment. In his bill for divorce, filed on June 10, 1943, he averred that they were married on May 3, 1938, in New Orleans, Louisiana; that his wife, appellee, voluntarily abandoned him, without fault on his part, on or about May 10, 1940, which was more than two years before the date of the filing of the bill, and had voluntarily remained away from him and that they have not lived together as man and wife since that date; that he was a bona fide resident citizen of Elmore County, Alabama, and had been such for more than twelve months next preceding the filing of his bill for divorce; that his wife was a nonresident of the State of Alabama; "that her last place of residence was New Orleans in the State of Louisiana, but plaintiff avers that he has made diligent effort to locate her post office and street address within the last past twelve months and has been unable to ascertain the same." Personal service on the wife was not obtained, and publication was made in the Wetumpka Herald, a newspaper published in Wetumpka, Elmore County, Alabama. The affidavit of nonresidence contains the following averment, "that Vivian Hooke, the respondent in the above stated cause is a non-resident of the State of Alabama, and that her place of residence is unknown, and that it cannot be ascertained after reasonable effort." The respondent, Vivian Hooke, did not appear to the action either in person or by attorney and the cause was submitted for final decree, on the bill, decree pro confesso, on publication and proof.

Appellee, on January 26, 1945, filed her bill in equity, in the same county and in the same court in which the divorce decree was rendered, for the purpose of having that decree set aside and declared null and void. Service was had on appellant by registered mail. The bill, as amended, contains the following averments, in substance: That appellee is a resident citizen of New Orleans, Louisiana; that the appellant is a nonresident of the State of Alabama, being a bona fide resident of the State of Georgia, and resides in the City of Savannah; that they were married on May 3, 1938, and lived together thereafter as husband and wife until, to-wit, June 25, 1940, on which date appellant deserted her and that they have not since lived together as man and wife; that the allegations in appellant's bill for divorce, filed on June 10, 1943, that he was a bona fide resident citizen of Elmore County, Alabama, at the time it was filed, and had been for more than twelve months prior thereto were false, were known by appellant to have been false when made, and were made for the fraudulent purpose of obtaining jurisdiction of the trial court; that at the time said bill of divorce was filed by appellant he was a resident citizen of the State of Georgia but was at the time serving a sentence in the penitentiary of the State of Alabama and was incarcerated in Draper Prison in Elmore County, but was not a bona fide resident citizen of that county; that the allegation in the bill for divorce filed by appellant that he had made diligent effort to locate her (appellee's) post office and street address, but had been unable to ascertain same, was false and fraudulent and was known by appellant to have been false and fraudulent at the time it was made, and that it was made for the false and fraudulent purpose of acquiring jurisdiction of appellee and of the subject matter; that jurisdiction of appellee, respondent in the divorce proceedings, was attempted to be acquired by publication in a newspaper and by posting a copy of the order of publication at the Court-House door of Elmore County but that she never received a copy of the said order of publication, or a copy of the bill of complaint or summons to answer the said complaint; that she had no notice of the filing of the bill of complaint or of any decree ren-

dered thereon for more than six months after the final decree was entered and had no opportunity to defend same; that appellant, on the date that he filed his divorce suit, also filed an affidavit of nonresidence, and that said affidavit failed to state that the post office address of appellee was not known and was silent as to her post office address; that at the time the said bill for divorce was filed her resident post office address was 613 Louisa Street, New Orleans, Louisiana, which fact appellant then knew, or if not actually known, could have been ascertained by him upon reasonable effort, but that he made no reasonable effort to ascertain the same, if he did not actually know it; that the allegation in the said bill for divorce that appellee, on or about the 10th day of May, 1940, voluntarily abandoned appellant's bed and board without fault on his part and that she has voluntarily remained away from him since that time, was false, and was known by appellant to have been false at the time it was made, and was made for the fraudulent purpose of setting out or submitting to the Circuit Court of Elmore County, in Equity, a ground or cause of action upon which to seek a divorce; that she has never voluntarily abandoned the bed and board of said Edward N. Hooke at any time and had not abandoned his bed and board for more than two years preceding the filing of the said bill for divorce; that the testimony of her husband (appellant) in the divorce case, that he was a bona fide resident citizen of Elmore County, Alabama, and that appellee had voluntarily abandoned him, without fault on his part, and had voluntarily remained away from him was false and fraudulent and was made for the false and fraudulent purpose of obtaining a divorce decree from appellee; that on the 30th day of March, 1944, the Circuit Court of Elmore County, Alabama, in Equity, entered a decree granting appellant a divorce from appellee. Appellant's bill for divorce, his affidavit of nonresidence, the register's order of publication and the divorce decree were all made exhibits to appellee's bill, as amended.

 The nature of a bill of this character must be determined by its averments, its purpose, and its substance, rather than the names given it by the parties. The scheme of this bill is to impeach for fraud the final decree rendered in the divorce proceedings; to declare the decree void for fraud shown by extrinsic circumstances

relating to its procurement. Such a bill is not a bill of review but an original bill in the nature of a bill of review. Graves v. Brittingham, 209 Ala. 147, 95 So. 542. The allegations in the bill relating to the affidavit of nonresidence and the order of publication seem to be set out for the sole purpose of showing that appellee's averments that she had no actual notice of the divorce proceedings are not contradicted by the record.

 However, if the bill sought relief within the purview of a bill of review as well as relief which may be granted by a bill in the nature of a bill of review, it would not be bad for multifariousness. Appellant's contention in this respect is set at rest by the Code of 1907, Section 3095 (Rule 15, Equity Practice, Code 1940, Title 7, Appendix page 1055), which changed the rule as stated in Gordon's Adm'r v. Ross and Wife, 63 Ala. 363.

In Smith v. Young, 173 Ala. 190, 55 So. 425, it was held that Section 3095, Code 1907, supra, had the effect of permitting a bill to be filed, which seeks alternative reliefs, although inconsistent, if they be founded upon the same transaction and grow out of the same subject matter and are contested between the same parties. In Jones v. Henderson, 228 Ala. 273, 153 So. 214, 218, it is said: "The character of the bill is determined by its substantive averments and the relief sought. There is no reason why it may not at the same time be one to accomplish such relief as is not properly within the purview of a bill of review, and also to have that relief which may be granted only in a bill thus styled." To like effect is the case of Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820.

The fact that the opinion in the case of Casey v. Sacks, 223 Ala. 147, 134 So. 851, contains a quotation from the case of Gordon's Adm'r v. Ross and Wife, supra, is not to be construed as approval by this court of that part of the quoted matter holding that a bill which seeks relief within the purview of a bill of review as well as relief afforded by a bill in the nature of a bill of review cannot be maintained. The only purpose of the quotation was to point out that the objects and effect of a bill of review and a bill in the nature of a bill of review are essentially different. That this was the purpose of the quotation is clearly shown by the paragraph which immediately precedes it.

454

Appellee's bill was properly filed in the Circuit Court of Elmore County, in Equity, the same court in which the decree, which is here sought to be vacated, was rendered. In' the recent case of Smith v. Smith, 243 Ala. 488, 10 So.2d 664, 665, Mr. Justice Foster, in writing to this question for the court, said: "While such a bill need not necessarily be filed in the county in which the decree under attack was rendered (Fox v. Fox, 235 Ala. 338, 179 So. 237), this does not mean to set aside the principle that it may also be filed in the same county in which the decree was rendered. Shrader v. Walker, 8 Ala. 244; Butler v. Butler, 11 Ala. 668; section 294, Title 7, Code of 1940." Nor does the fact that appellant was not personally served within the State of Alabama, service having been had on him by registered mail (Equity Rule 5(2) (b), deprive the Circuit Court of Elmore County, in Equity, of jurisdiction. To say that personal service in a case of this kind is necessary to give the court jurisdiction would have the effect of rendering the courts powerless to get rid of judgments and decrees which fugitives have procured from them by fraud and would place a premium on fraud and deception.

There is no doubt of the general jurisdiction of a court of equity to grant relief against fraud. The jurisdiction extends, as has been held repeatedly by this court, to the vacation of decrees obtained by fraud in courts of equity, as well as to judgments of courts of law. It likewise is well established in this jurisdiction that decrees entered in divorce cases are subject to vacation and annulment on the same grounds as other decrees. Smith v. Smith, supra; Miller v. Miller, 234 Ala. 453, 175 So. 284; Wright v. Wright, 230 Ala. 35, 159 So. 220; Ex parte Kay, 215 Ala. 569, 112 So. 147.

To sustain a bill to vacate the judgment or decree of a court of competent jurisdiction for fraud, the bill must allege the facts showing that the fraud was in the concoction or procurement of the judgment or decree and must be extrinsic or collateral to the matter which was tried and determined by them. Sims v. Riggins, 201 Ala. 99, 77 So. 393; Miller v. Miller, supra; Jones v. Henderson, 228 Ala. 273, 153 So. 214. However, this has been held to include false and fraudulent statements in a petition, which were necessary to invoke the power or jurisdic-

tion of the court to render the decree under attack. Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Keenum v. Dodson, 212 Ala. 146, 102 So. 230; McGathey v. Thompson, 224 Ala. 163, 138 So. 841.

Under the provisions of §§ 27 and 29, Title 34, Code of 1940, it was necessary for the appellant in his suit for divorce to allege and prove that he was a bona fide resident (citizen) of the State of Alabama at the time the bill was filed and had been such for twelve months prior thereto, inasmuch as appellee, the respondent in the divorce proceedings, was alleged to have been a nonresident of this state and also because the ground for divorce was her alleged voluntary abandonment of appellant. In the cases of Martin v. Martin et al., 173 Ala. 106, 55 So. 632, and Wright v. Wright, 200 Ala. 489, 76 So. 431, it was held that Section 3802, Code of 1907 (Section 29, Title 34, Code of 1940), requires a bona fide residence in this state for one year next before the filing of the bill as a jurisdictional prerequisite to a valid decree of divorce against a respondent who is a nonresident. To like effect is the decision in the case of Davis v. Davis, 132 Ala. 219, 31 So. 473, which relates to the mandatory character of Section 1492, Code of 1896 (Section 27, Title 34, Code of 1940). We are not here concerned with the 1945 amendments of Sections 27 and 29, Title 34, supra.

The allegations in the bill, admitted on demurrer, that appellant was not a bona fide resident citizen of Alabama at the time he filed his bill for divorce against appellee and had not been such for a period of twelve months prior thereto, but was at the time the bill was filed a resident of the State of Georgia, shows a fraud on the court in the procurement of the divorce decree within the rule of our latest decisions that obtains for bills in the nature of a bill of review. Keenum v. Dodson, supra; Bolden v. Sloss-Sheffield Steel & Iron Co., supra; Miller v. Miller, supra. The averment in the bill that at the time the bill for divorce was filed appellant was serving a sentence in a penitentiary of this state located in Elmore County, Alabama, is not inconsistent with or repugnant to the positive averments that he was not a resident citizen of this state but was a resident of Georgia. It was no more than to say that he was in Alabama when the bill was filed.

We are of the opinion that the averments of the bill relating to the alleged false and fraudulent averments by appellant in his bill for divorce and in his affidavit of nonresidence that he did not know appellee's address, although he had made reasonable effort to ascertain it, were not subject to the demurrers interposed thereto. The allegations in this connection are in material respects analogous to those considered by this court in the case of Nichols et al. v. Dill, 222 Ala. 455, 132 So. 900. Mr. Chief Justice Anderson, in writing for the court, said: "We think that the fraud charged went to the assumption of jurisdiction by the trial court by a false statement in the bill and affidavit and that the court would not have considered the cause in the absence of notice to Daisy Dill as required by section 9431 (Code of 1923) [Code 1940, Tit. 47, § 234] had the true facts been presented * * *."

The rule is well settled that perjury or false swearing in the course of litigation is not per se a ground of equitable interference in a judgment or decree. Miller v. Miller, 238 Ala. 228, 189 So. 768; Nation v. Nation, 206 Ala. 397, 90 So. 494; Sims v. Riggins, supra; De Soto Coal Mining & Development Co. v. Hill, 188 Ala. 667, 65 So. 988; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Hardeman v. Donaghey, 170 Ala. 362, 54 So. 172.

However, the court did not err in overruling the demurrer addressed to that part of appellee's bill setting out that appellant falsely and fraudulently testified in the divorce proceedings as to being a resident of the State of Alabama and that appellee voluntarily abandoned him without fault on his part. We do not understand that appellee seeks any relief on this ground. Those averments merely go to show that the appellant not only made false and fraudulent averments in his bill for divorce which went to the assumption of jurisdiction by the trial court, but that he supported such averments by false and perjured testimony.

There was no error in overruling the demurrer to the bill as amended and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.